792 So.2d 713 (2001)
Michael Wayne POPE
v.
STATE of Louisiana et al.
No. 99-CC-2559.
Supreme Court of Louisiana.
June 29, 2001.
Rehearing Denied August 31, 2001.
Bobby D. Sutton, Bobby D. Sutton, Jr., Shreveport, Counsel for Applicant.
*714 John H. Ayres, III, Baton Rouge, Richard P. Ieyoub, Attorney General, Dannye W. Malone, Shreveport, Counsel for Respondent.
LEMMON, Justice.[*]
This is an action against the State of Louisiana, through the Department of Public Safety and Corrections (DOC), and others to recover damages for physical injuries sustained by plaintiff while he was incarcerated at a state correctional institution. The principal issue is whether the Corrections Administrative Remedy Procedure (CARP), La.Rev.Stat. 15:1171-1179, violates La. Const. art. V, § 16(A), which vests the district courts with original jurisdiction over all civil and criminal matters, except for workers' compensation actions and other matters in which the Constitution vests original jurisdiction in other tribunals.

Facts
The DOC, in anticipation of a donation by Caddo Parish to the State of a vacant correctional facility, dispatched several state prisoners, including plaintiff, to assist in the renovation of the facility. The prisoners, in removing concrete panels from the window areas of the facility according to instructions from the DOC officials, cut the metal brackets holding the panels to the side of the building, thereby allowing the panels to fall to the ground where they could be broken up for disposal.
On March 21, 1997, plaintiff was cutting metal brackets when one of the panels fell on him and caused serious personal injuries.[1]
On August 7, 1997, while still a state prisoner, plaintiff filed the present tort action in the district court in the parish where the injury occurred. The State filed an exception of improper venue and an exception of lack of subject matter jurisdiction. In the latter exception, the State sought to dismiss the action because plaintiff had not first presented his claim to the warden in the administrative remedy procedure provided in the Disciplinary Rules and Procedures for Adult Inmates, § XI (1993), which was adopted by the DOC under the authority of La.Rev.Stat. 15:1711.[2]
On January 3, 1998, plaintiff was released from prison.
On February 17, 1998, plaintiff filed a supplemental and amending petition in the present tort action, requesting judicial review by the district court of the DOC's rejection of his administrative remedy procedure, if that procedure is determined to be applicable to his cause of action, and also asserting the unconstitutionality *715 of La.Rev.Stat. 15:1171-1179.[3] The State responded with a "peremptory exception of abandonment,"[4] asserting that plaintiff abandoned his cause of action by failing to timely seek review of the dismissal in the administrative remedy procedure.
The district court overruled the exception of abandonment.[5] On the State's application for supervisory writs, the court of appeal, by a divided panel in an unreported decision, peremptorily reversed the judgment of the district court and dismissed plaintiff's tort action with prejudice. Two judges stated simply that the district court had erred in denying the State's exception of abandonment. A third judge concurred for reasons unrelated to the constitutional issue. Two other judges dissented, with one expressing his view that plaintiff clearly had a tort action under La. Civ.Code art. 2315 and that La. Const. art. V, § 16(A), vested the district courts with original jurisdiction over a cause of action in tort.
On plaintiff's application, we granted certiorari. 99-2559 (La.1/7/00), 758 So.2d 143. Several members of the court wished to consider whether the DOC Rules, promulgated under legislative authority to adopt an administrative remedy procedure for handling tort claims by inmates, violate the constitutional grant to the district courts of original jurisdiction in all civil and criminal matters (except workers' compensation actions and other matters in which the Constitution otherwise provides for original jurisdiction in other tribunals), or whether the thirty-day filing limitation in the Rules promulgated by an executive agency conflicts with the legislatively-conferred right of tort victims to file a tort action in district court within one year of the tort.

Corrections Administrative Remedy Procedure
The Louisiana Corrections Administrative Remedy Procedure was enacted in 1985 in response to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997-1997j(1980), which provided standards for the voluntary development and implementation by states of a system for resolution of disputes and grievances raised by prisoners.
La.Rev.Stat. 15:1171 is an enabling statute that authorizes the DOC or the sheriff to adopt, for the particular correctional institution, an administrative remedy procedure for receiving, hearing and disposing of complaints and grievances by an "offender"[6] which arise while the offender is *716 in custody. As originally enacted, Section 1171 encompassed "complaints and grievances," without any reference to tort actions.
In Mack v. State, 529 So.2d 446 (La.App. 1st Cir.), cert. denied, 533 So.2d 359 (La. 1988), the court held that the statutory plan for administrative remedy procedures was intended to create a mechanism for handling grievances that arise out of prison administration and was not intended to authorize the DOC to render judgments awarding or denying tort damages. The court also pointed out the questionable result of the DOC's interpretation, which "would require the institution to make a determination of whether to render a monetary award against itself." 529 So.2d at 448.
In 1989, the Legislature amended Section 1171 to expressly include personal injury and medical malpractice in the type of claims encompassed by CARP and to add a provision authorizing monetary damage awards.
As to use of CARP, La.Rev.Stat. 15:1171 provides that the administrative procedures, once promulgated, "provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows."[7] Additionally, La.Rev.Stat. 15:1172 provides that the procedure adopted by the DOC or the sheriff constitutes the administrative remedy available to offenders for the purpose of preserving a cause of action, and further prohibits a state court from entertaining such a complaint or grievance unless the offender exhausts this remedy. Section 1172 also authorizes a court to dismiss any petition filed by an offender if the offender fails to pursue the administrative remedy timely.
La.Rev.Stat. 15:1177 provides that an offender who is aggrieved by a decision in favor of the DOC in the administrative remedy procedure may seek judicial review, in the 19th Judicial District Court, within thirty days of receipt of the decision. The review is confined to oral argument (which the court has discretion to grant or deny), based on the record made up in the administrative remedy proceeding,[8] although the court may order that additional evidence be taken. The review is further limited to "the issues presented in the petition for review and the administrative remedy request filed at the agency level." The court may reverse or modify the decision only for the limited reasons enumerated in the statute, including arbitrary or capricious behavior, abuse of discretion and manifest error.

Constitutionality of La.Rev.Stat. 15:1171-1179
The burden of proving that an act is unconstitutional is upon the party attacking the act. Because the Legislature *717 is entitled to exercise any power not specifically denied by the constitution, a party questioning the constitutionality of an act must point to a specific provision of the Louisiana Constitution which clearly prohibits the legislative action. Board of Directors of Louisiana Recovery District v. All Taxpayers, Property Owners, and Citizens of Louisiana, 529 So.2d 384 (La. 1988).
Plaintiff challenges the constitutionality of La.Rev.Stat. 15:1171-1179 on the basis that original jurisdiction in all civil matters is vested in the district courts by La. Const. art. V, § 16(A).[9] Plaintiff accordingly argues that a legislative act cannot divest the district courts of original jurisdiction over a tort action, which is clearly a civil matter.
In Moore v. Roemer, 567 So.2d 75 (La. 1990), this court addressed an attempt, by legislative act, to eliminate the original jurisdiction of the district courts in workers' compensation actions and to create an administrative agency in the executive branch to adjudicate such actions, subject to review by the courts of appeal. Noting that a proposal to allow the Legislature to fix the jurisdiction of the district courts was defeated in the 1973 Constitutional Convention, this court held that the 1974 Constitution, which vested original jurisdiction in the district courts over "all civil and criminal matters,"[10] thereby precluded the Legislature from divesting the district courts of original jurisdiction in a civil matter involving workers' compensation benefits. We emphasized that the 1974 Constitution granted the district courts at least concurrent original jurisdiction over all civil and criminal matters, except for those matters in which original jurisdiction is otherwise authorized by the Constitution itself in other courts or in other adjudicative tribunals,[11] and that workers' compensation actions, from the time the cause of action was created through the adoption of the 1974 Constitution, had been filed in the district courts.
The Moore decision construed the plain terms of the 1974 Constitution by a straightforward syllogism:
[T]he legislature may not divest district courts of jurisdiction mandated by the state constitution, which includes original jurisdiction over "civil matters"; worker's compensation claims are "civil matters"; therefore no statute may vest any administrative organ with exclusive power bindingly to determine such claims in the first instance, at least in *718 the absence of de novo review in the district courts.
John Devlin, Developments in the Law, 1989-1990Louisiana Constitutional Law, 51 La.L.Rev. 295, 315 (1990).
In the present case, the State contends that Moore is distinguishable in that the statute in Moore completely divested the district courts of any authority to adjudicate workers' compensation cases, while the statute in the present case simply requires a tort victim to submit to an administrative remedy procedure before filing suit in the district court. The State further contends that CARP does not divest district courts of the power to adjudicate civil matters or to grant relief.
Contrary to the State's argument, the problem with La.Rev.Stat. 15:1171-1179 is not that the statutes completely eliminate the district courts (as in Moore) from taking part in any manner in a certain category of civil cases,[12] or that the statutes add an administrative remedy procedure as a prerequisite to the district court's exercise of original jurisdiction (as in medical malpractice actions); the problem is that the statutes divest the district courts of the original jurisdiction granted by the Constitution in all civil matters and vest original jurisdiction in certain tort actions in the DOC officials who administer the administrative remedy procedure.
Original jurisdiction is "[j]urisdiction in the first instance" or "[j]urisdiction to take cognizance of a cause at its inception, try it and pass judgment upon the law and facts." Black's Law Dictionary 991 (5th ed.1979). The DOC officials in the administrative remedy procedure adopted pursuant to La.Rev.Stat. 15:1711, who take cognizance of a tort claim by an offender at the inception of the action, try the claim, and pass judgment on the law and the facts of the action, clearly are exercising original jurisdiction, to the exclusion of the district courts.
The conclusion that the DOC officials are exercising original jurisdiction under La.Rev.Stat. 15:1171-1179 (and that the district courts, therefore, are not) is emphasized by the judicial review provisions of La.Rev.Stat. 15:1177. The judicial review by the district court is on the record made up before the DOC officials, and the district court has only three options: (1) to affirm the adjudication by the DOC officials, (2) to remand the case to the DOC officials for additional evidence, or (3) to reverse or modify the adjudication, generally because it is manifestly erroneous or is arbitrary and capricious.[13] Therefore, in *719 the judicial review under Section 1177, the district courts are precluded from exercising the original jurisdiction function of finding facts in the first instance and applying the law to the facts so found. Rather, the district courts, required by Section 1177A(9)(f) to "give due regard ... to the agency's determination of credibility issues," are essentially exercising a limited judicial review function, on the administrative record, and clearly are not exercising original jurisdiction at the inception of the action. Original jurisdiction in tort actions under the administrative remedy procedure adopted by the DOC clearly is exercised exclusively by the DOC officials, in violation of the express terms of the Constitution.
Moreover, the district courts historically have exercised original jurisdiction in tort actions as civil matters, and were doing so when the 1974 Constitution was adopted with the broad language "all civil and criminal matters" in Section 16(A) of Article V. While this court in In the Matter of American Waste & Pollution Control, 588 So.2d 367 (La.1991) arguably limited the scope of the Moore decision, the statutes at issue in American Waste (vesting an administrative agency with original jurisdiction in permit and enforcement actions, subject to review by the court of appeal) are vastly different from statutes granting original jurisdiction to an administrative agency in tort actions, even those in which the government is the alleged tortfeasor.[14]
Since the Constitution fixes the original jurisdiction of the district courts in tort actions, that original jurisdiction cannot be changed by legislative act. Accordingly, we conclude that La.Rev.Stat. 15:1171-1179 is an invalid attempt to alter the original jurisdiction of the district courts by legislative act. This conclusion is strengthened by analogy to the express constitutional authority for the Legislature, notwithstanding any contrary provisions of La. Const. art. V, § 16(A), to provide, for example, for the jurisdiction of juvenile and family courts. See La. Const. art. V, § 18.
We recognize that the Congress has delegated certain quasi-judicial powers to various federal administrative agencies, such as the Federal Trade Commission, and the exercise of quasi-judicial functions by federal agencies of the executive branch has been upheld against attacks alleging violation of the constitutional requirement of separation of powers among branches of *720 government. See, e.g., Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). See also Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986)(upholding an agency rule empowering the agency to adjudicate common law counterclaims in actions filed before the agency). However, our decision in the present case is not based on a separation of powers violation under La. Const. art. II, § 2, but on a violation of La. Const. art. V, § 16(A). There is no counterpart to Article V, Section 16(A) in the federal Constitution. Moreover, while the legislative branch in Louisiana has all powers not specifically prohibited by the Constitution, the broad constitutional grant of original jurisdiction to the district courts and the corresponding limited grant to the Legislature of the power to fix the jurisdiction of other specified courts effectively limits the powers of the Legislature and precludes the Legislature from changing the original jurisdiction of district courts fixed by the Constitution.
We conclude that the Legislature cannot, by legislative act, divest the district courts of the original jurisdiction fixed by the Constitution in those civil matters, such as tort actions,[15] in which the Constitution does not otherwise provide for original jurisdiction in other tribunals. The Legislature, of course, is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review, for example, of frivolous claims, as long as the action of the administrative agency does not constitute the exercise of original jurisdiction.[16]
Finally, we reject the State's argument that the administrative remedy procedure authorized by La.Rev.Stat. 15:1171 is analogous to the Medical Malpractice Act, which this court approved as constitutional in Everett v. Goldman, 359 So.2d 1256 (La.1978). That Act does provide a mandatory procedure for an initial (but nonbinding) determination by a medical review panel. However, the malpractice victim, after completing this administrative procedure, can then invoke the original jurisdiction of the district court.[17] The court thereafter has the power and authority to find facts in the first instance and to fully adjudicate the claim under its original jurisdiction, irrespective of the decision of the medical review panel.
By contrast, in the administrative remedy procedure adopted by the DOC pursuant to La.Rev.Stat. 15:1171-1179, the district courts are deprived of their constitutionally granted original jurisdiction *721 over civil matters in tort actions. Contrary to the State's argument, the administrative body does more than perform investigative and screening functions; as shown above, the administrative body exercises original jurisdiction in a clearly civil matter. Moreover, the administrative remedy procedure allows the DOC, in tort actions, to effectively adjudicate its own delictual liability,[18] and then requires the district courts to give "manifest error rule" deference to that adjudication.
In summary, we conclude that the DOC officials, in the administrative remedy procedure adopted by the DOC pursuant to La.Rev.Stat. 15:1171-1179, exercise original jurisdiction in violation of La. Const. art. V, § 16(A), at least in tort actions, and that La.Rev.Stat. 15:1171-1179 are unconstitutional to the extent that the statutes are applied to tort actions.

Decree
For these reasons, La.Rev.Stat. 15:1171-1179 are declared unconstitutional as applied to tort actions by offenders, as defined by La.Rev.Stat. 15:1171D. The case is remanded to the district court for further proceedings.
NOTES
[*] Victory, J., not on panel. Rule IV, Part 2, § 3. Justice Walter F. Marcus, Jr. and Justice Harry T. Lemmon, retired, participated in the decision in this case which was argued prior to their retirement.
[1] Plaintiff allegedly suffered multiple fractures to his pelvis, urethral disruption, permanent impotence, destruction of muscles and nerves in his right shoulder and arm, and severe injury to his spine. He was hospitalized for a lengthy period of time and underwent several surgical procedures.
[2] While the exceptions in this action were pending and while he was still a state prisoner, plaintiff filed a request with the warden for an administrative remedy procedure. On September 23, 1997, the request was dismissed as untimely, since it was not filed within "a 30 day period after the incident has occurred," as required by the Rules adopted by the DOC. (There is no time limitation provided in La.Rev.Stat. 15:1171-1179 for filing the request.) Plaintiff did not seek, in the administrative remedy proceeding, judicial review of the dismissal of his request, but many months later asserted, in the present tort action, his right to judicial review of the dismissal.
[3] On the same day, the judge maintained the exception of improper venue and transferred the case to the 19th Judicial District Court, which is the statutory venue for administrative remedy procedures against the DOC.
[4] The term "abandonment" was apparently used to distinguish this thirty-day period from the one-year period of liberative prescription generally applicable in tort actions.
[5] The evidence was presented to a commissioner who recommended that the trial judge overrule the exception because plaintiff was physically unable to file the administrative remedy procedure within the thirty-day limitation provided in the Rules adopted by the DOC. The commissioner noted that plaintiff was either hospitalized or confined to bed for a substantial period of time after the accident. Moreover, the commissioner observed that the Rules permit the thirty-day limitation to be waived "where circumstances warrant," and the refusal to waive the limitation appeared to be unreasonable in the present case.
[6] As originally enacted, an "offender" was defined as "an adult or juvenile offender in the physical custody" of the DOC. Several decisions of the intermediate appellate courts held that the administrative remedy procedure did not apply to a person who filed a tort action after release from custody. See, e.g., Green v. State of La., 96-0781 (La.App. 1st Cir.5/9/97), 693 So.2d 1317, cert. not considered, 97-1563 (La.10/3/97), 701 So.2d 189.

In 1997, La.Rev.Stat. 15:1171D was added to provide that the status as an "offender" is determined as of the time the basis for the complaint or grievance arises. The amendment further provides that release from custody shall not affect the status as an offender.
In the present case, because we declare La.Rev.Stat. 15:1171 unconstitutional as applied to tort actions, we do not reach the issue of the retroactivity of the amendment in other types of actions.
[7] The Rules adopted by the DOC pursuant to La.Rev.Stat. 15:1171 also provide that "inmates are required to use this procedure before they can proceed with a suit in Federal and State Courts."
[8] By contrast, the court under La. Rev. Stat 41:964E of the Administrative Procedures Act (which was originally incorporated by reference in La.Rev.Stat. 15:1177B), has the discretion to allow presentation of additional evidence to the court.
[9] La. Const. art. V, § 16(A) provides in pertinent part:

Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
La. Const. art. V, § 16(A) further provides that the district court shall have exclusive original jurisdiction in felony cases and in specified civil cases. Thus the district courts have either exclusive or concurrent original jurisdiction in any civil or criminal matter, except when the Constitution itself vests jurisdiction in another tribunal.
[10] After the Moore decision, the Legislature proposed a constitutional amendment which was adopted by the voters. The original jurisdiction of district courts over workers' compensation actions has now been eliminated by a specific exception contained in the Constitution itself.
[11] See, e.g., La. Const. art. IV, § 21; art. X, § 12; art. V, § 18; art. V, § 15; and art. V, § 20, in which the Constitution itself provides expressly for original jurisdiction over certain claims to be exercised by the Public Service Commission, the Civil Service Commission, the juvenile and family courts, the limited jurisdiction courts, and the justice of the peace courts, respectively.
[12] In Blackwell v. Louisiana Dep't of Public Safety and Corrections, 96-0954, 96-0955 (La. App. 1st Cir.), 690 So.2d 137, cert. denied, 97-1158 (La.9/5/97), 700 So.2d 507, the court of appeal distinguished the administrative remedy procedure (at issue in the present case) from the workers' compensation scheme at issue in Moore, reasoning that the administrative remedy procedure does not completely remove the district courts from their historic role as the final arbiter of these civil matters involving tort claims. That distinguishing statement is correct, as far as it goes, but does not resolve the issue on which the present decision turnswhether the administrative remedy procedure divested the district courts of the original jurisdiction granted by the Constitution over all civil matters. We therefore disagree with the holding in Blackwell and particularly with the statement that "[t]here is no language in the act limiting the trial court's role in adjudicating tort disputes." 96-0954, 96-0955 at p. 8, 690 So.2d at 142.
[13] La.Rev.Stat. 15:1177A(9) provides the complete grounds for reversal or modification as follows:

The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues. (emphasis added).
[14] The DOC in the present case did not raise the issue that the State argued in Moore v. Roemer, 567 So.2d 75 (La.1990)that La. Const. art. V, § 16(A) does not preclude the Legislature from creating administrative adjudication proceedings in matters involving "public law" rights. In Moore, this court held that "workers' compensation is not a matter of public law." 567 So.2d at 81. Moreover, this court in In the Matter of American Waste & Pollution Control Co., 588 So.2d 367 (La. 1991), in upholding the constitutionality of a statute vesting an administrative agency with original jurisdiction in permit and enforcement actions, did not discuss "public law" rights as a basis for the decision. Inasmuch as the present tort action clearly does not involve "public law," we reserve discussion of that issue for another day.
[15] We do not address the constitutionality of La.Rev.Stat. 15:1171-1179 with regard to actions filed by "offenders" that are not tort actions.
[16] Indeed, the Prison Litigation Reform Act (PLRA), La.Rev.Stat. 15:1181-1190, based on a parallel federal act, was enacted in 1997 to curtail baseless or nuisance suits by prisoners. La.Rev.Stat. 15:1188 of the PLRA allows the court, before the subsequently required exhaustion of administrative remedies, to screen the petition and to "identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted." Under La.Rev.Stat. 15:1188, the district court in the judicial screening stage is acting as a trial court, rather than in judicial review of the determination of another tribunal.
[17] Of additional significance, the Medical Malpractice Act does not shorten the prescriptive period for the malpractice victim to file a tort action, while the DOC rules adopted pursuant to La.Rev.Stat. 15:1171 provide that the offender-tort victim has only thirty days to file the tort claim and the failure to do so precludes assertion of the cause of action in court.
[18] Under the Rules adopted by the DOC, a decision that monetary damages should be awarded by the DOC results in a transfer to the Office of Risk Management in the Division of Administration to determine the quantum of damages.