| ¡PARRO, J.
Velbert M. Reed, Sr. appeals a judgment sustaining an exception of improper venue and transferring his tort suit from the Twentieth Judicial District Court, Parish of West Feliciana, where his injuries allegedly occurred while he was incarcerated at the Louisiana State Penitentiary, to the Nineteenth Judicial District Court, pursuant to the provisions of Louisiana Revised Statute 15:1177. We reverse in part, vacate in part, and remand.
FACTUAL AND PROCEDURAL BACKGROUND
Reed was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) and was confined to the Louisiana State Penitentiary in Angola, Parish of West Feliciana, Louisiana. According to his petition, on November 18, 1998, during repairs to the roof of a prison dormitory, an object fell from the roof and struck him in his right eye, causing severe injury and requiring medical attention from several physicians. On November 15, 1999,[2] he filed suit against DPSC, Warden Burl Cain, and the company that was performing the repairs, State Roofing & Metal Company, Inc.,[3] claiming damages for the injuries allegedly caused by their negligence, carelessness, and reckless disregard for his safety.
In response to his petition, DPSC and Cain filed exceptions alleging improper venue, lack of subject matter jurisdiction in the Twentieth Judicial District Court, and “abandonment” of the claim due to Reed’s failure to exhaust the corrections administrative remedy procedure before filing suit. Following a hearing, at which Reed appeared and presented evidence of his efforts to pursue an administrative remedy within the prison, the court ruled on the exception of venue and ordered the transfer of the suit to the Nineteenth Judicial District Court. The written opinion of the court stated:
| ^According to Louisiana Revised Statute 15:1177A, the corrections adminis *400 trative remedy procedure law, when an offender is aggrieved by a decision rendered pursuant to an administrative remedy procedure, he may seek judicial review only in the Nineteenth Judicial District Court. Therefore, venue is improper in the Twentieth Judicial District Court and the Court need not address the [defendants’] exception of abandonment.
ANALYSIS
Reed contends in this appeal that the court erred in maintaining the exception of improper venue on the basis of Louisiana Revised Statutes 15:1177(A) and (B), and in ordering the transfer of his tort suit to the Nineteenth Judicial District Court, Parish of East Baton Rouge. In light of the supreme court’s recent decision in Pope v. State of Louisiana, 99-2559 (La.6/29/01), 792 So.2d 713, holding the provisions of Louisiana Revised Statutes 15:1171-79 unconstitutional as applied to tort actions, we must agree.
In Pope, a former inmate brought a personal injury action against DPSC, alleging he was seriously injured while incarcerated. As in Reed’s case, DPSC filed exceptions of improper venue and lack of subject matter jurisdiction because the inmate had not first presented his claim to the warden via the corrections administrative remedy procedure. Pope then supplemented his petition, asking for judicial review of the rejection of his administrative procedure, if that were determined to be applicable to his case, and claiming the corrections administrative remedy procedure was unconstitutional as applied to his personal injury action. DPSC filed an exception of “abandonment,” claiming Pope had abandoned his claim by failing to timely present it in accordance with the eorrec-tions administrative remedy procedure. The district court overruled the exception of abandonment, finding the thirty-day limit for asserting his claim should be waived because Pope’s injuries were so severe that he was physically unable to file his claim within that time. The court of appeal exercised its supervisory authority, reversed the judgment of the district court, and dismissed Pope’s tort action with prejudice. Pope v. State, 99-0669 (La.App. 1st Cir.7/26/99)(unpublished writ action).
On Pope’s application, the supreme court granted certiorari to consider whether the provisions of the corrections administrative remedy procedure, as applied to an | inmate’s tort claims, violate the constitutional grant of original jurisdiction in all civil and criminal matters to the district courts.[4] After reviewing the history of the constitutional provision, the legislation authorizing the promulgation of the corrections administrative remedy procedure, and the jurisprudence interpreting its provisions, the supreme court found that in applying these provisions, DPSC exercised original jurisdiction in tort actions in violation of the Louisiana Constitution. Therefore, the supreme court held that the provisions of Louisiana Revised Statutes 15:1171-79 were unconstitutional to the extent they were applied to an inmate’s tort claims. Pope, 792 So.2d at 716.
In the tort case we are reviewing, the district court’s judgment was rendered before the Pope decision declared the provisions of the corrections administrative remedy procedure unconstitutional. So, although the judgment was rendered in accord with then-applicable legal tenets, it cannot be upheld unless there is some other basis under which the exception of *401 improper venue can be maintained. Our research has revealed no such basis. Accordingly, the provisions of Louisiana Code of Civil Procedure article 74 are applicable to Reed’s claim. Under that Article, an action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained. In this case, the allegedly wrongful conduct occurred and damages were sustained in West Feliciana Parish. Therefore, venue is proper in the Twentieth Judicial District Court, Parish of West Feliciana.
CONCLUSION
The judgment finding venue was improper is reversed, the order to transfer is vacated, and this case is remanded to the Twentieth Judicial District Court. All costs of this appeal, in the amount of $95, are assessed against the Louisiana Department of Public Safety and Corrections.
REVERSED IN PART, VACATED IN PART, AND REMANDED.

. Although the petition was date-stamped November 15, 1998, it is clear from the record that the actual date of filing was November 15, 1999.

.The suit caption shows this defendant as State Roofing & Metal Co. of Montgomery, Alabama; the petition uses the name State Roofing & Metal Co., Inc.

. Article V, Section 16(A) of the Louisiana Constitution states, in pertinent part, that “a district court shall have original jurisdiction of all civil and criminal matters.”