J¿PER CURIAM.
Mr. Medford is a prisoner confined to the medical treatment center at Angola, allegedly with a terminal illness caused by hepatitis virus types A, B and C. Mr. Medford sent a “Petition In Suit for Damages” to the Nineteenth Judicial District Court requesting that the suit be filed as a tort action and also requesting service of process on the defendants at the addresses listed in the petition.
The petition basically alleges that the defendants failed to properly diagnose and treat Mr. Medford’s serious medical condition for more than 15 years, despite numerous complaints and requests from Mr. Medford, until such time that his medical condition had deteriorated past the point of being treatable. He alleges that the defendants are guilty of medical negligence, medical malpractice and deliberate indifference under state law and under 42 U.S.C. § 1983.
The Nineteenth Judicial District Court received the petition for filing on March 6, 2002, according to a stamp shown on the face of the petition. The Clerk of Court’s office for the Nineteenth Judicial District Court responded to the petition by returning it to Mr. Medford and sending him a form letter, signed by a deputy clerk of court and checked off in two places, indicating that the petition was submitted on an incorrect form and attaching a copy of the Petition for Judicial Review (IJR-1). The letter directed Mr. Medford to fill out the IJR-1[1], attach his suit to the form, have it notarized and return it to the district court. The letter advised Mr. Med-ford to return | Phis original stamped document to the district court along with the completed petition form so that his petition would reflect the original file date.
Rather than complying with the Clerk of Court’s directions, Mr. Medford filed a writ application with this Court, contending that the Clerk of Court, the judges and the commissioners of the Nineteenth Judicial District Court have no legal authority to compel him to file his civil tort suit as a Petition for Judicial Review.
A Petition for Judicial Review filed pursuant to La.R.S. 15:1171 et seq. seeks review of a ruling by the Department of Public Safety and Corrections, a state agency. Such review is limited to a review of the administrative record prepared by the Department and must be filed within 30 days of the last administrative decision. The review available in the Nineteenth Judicial District Court is appellate review rather than review under the court’s original jurisdiction.
The Louisiana Supreme Court, in Pope v. State, 1999-2559 (La.6/29/01), 792 So.2d 713, found that the administrative remedy procedure authorized the Department officials to exercise original jurisdiction in violation of Louisiana Const. Art. V § 16(A), at least in tort actions. The court concluded that “La.Rev.Stat. 15:1171-1179 are unconstitutional to the extent that the statutes are applied to tort actions.” 1999-2559 p. 13; 792 So.2d at 721.
In response to the Pope decision, the Louisiana legislature, in the First Extraordinary Session 2002, enacted 2002 La.Acts No. 89, which was signed by the Governor and became effective April 18, 2002. Under this act, La.R.S. 15:1177 (judicial re *1215 view of administrative actions regarding prisoners) was revised. Specifically, La. R.S. 15:1177(C) now provides, in pertinent part:
|3This Section [La.R.S. 15:1177] shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions.
Moreover, in addition to suing the state through the Department of Public Safety and Corrections, Mr. Medford is also raising claims against the state through its charity hospital system. This defendant is clearly not part of the prison system.
Therefore, by using Rule XII of Nineteenth Judicial District Court Rules of Court, the Clerk of Court’s office is improperly requiring tort suits to be filed on the forms developed for “appellate” review of administrative rulings. While the district court can develop forms to assist prisoners in filing their tort claims under the district court’s original jurisdiction, those forms should be sufficiently different from the judicial review forms in order to avoid confusion between the two totally separate and distinct types of filings.
It is apparent from the writ application that the original tort suit has been returned to Mr. Medford and is not in the possession of the Clerk of Court for the Nineteenth Judicial District Court. Therefore, we hereby order Mr. Medford to return the original copy of the petition reflecting the received date of March 6, 2002, and the required form for prisoners seeking to proceed in forma pauperis, to the Nineteenth Judicial District Court for filing. Additionally, we hereby order the Clerk of Court, Nineteenth Judicial District Court, to accept Mr. Medford’s “Petition In Suit For Damages” for filing as a civil tort suit, subject to Mr. Medford’s compliance with any additional rules concerning the production of proper forma pauperis papers.
WRIT GRANTED WITH ORDER.

. The Petition for Judicial Review (IJR-1) is a petition form required by the Nineteenth Judicial District Court when prisoners seek appellate review at the district court level of prior administrative rulings by the Department of public Safety and Corrections under the Corrections Administrative Remedy Procedure, La.R.S. 15:1171 et seq. It is apparently also being used for other types of filings by prisoners.