b STEWART, J.
Inmate, Alfonso .Rhone, brought a personal injury action against several officials at the David Wade Correctional Center (DWCC) for violations of various constitutional rights. Using its screening powers under the Prison Litigation Reform Act (PLRA), the trial court found that Rhone had not stated a cognizable claim upon which relief could be granted and dismissed his claim. For the reasons stated herein, we affirm.
*693 FACTS
This is an action in tort against the officials of DWCC, but we also note that the proper defendant for such actions is the State of Louisiana, through the Department of Public Safety and Corrections (DOC). See La. R.S. 15:1179. In addition to his tort claims, Rhone brought suit alleging denial of his constitutional rights of religious freedom, equal protection and cruel and unusual punishment. Rhone is a member of the Nuwaubu Religious group which requires that he adhere to a strict diet of “green, leafy, and starchless vegetables.” Rhone filed numerous complaints against the officials at DWCC for allegedly failing to feed him or trying to force him to eat meals in contravention of his religious faith. Rhone asserts that each of his administrative complaints, filed between October 25,1999, through July 26, 2000, were either denied or ignored. Rhone blamed DWCC officials for his dramatic weight loss of twenty (20) to fifty (50) pounds and accused them of trying to commit murder by starving him.
Rhone then brought this tort action which the trial court found was governed by the PLRA, La. R.S. 15:1181-1190. The court then summarily | ^dismissed his claim because it found that Rhone had failed to state a cognizable cause of action.
DISCUSSION
The trial court screened the filing of this suit pursuant to the PLRA, which provides, in pertinent part, as follows:
La. R.S. 15:1181(2): “Civil action with respect to prison conditions” or “prisoner suit” means any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceeding challenging the fact or duration in prison.
The act further provides in La. R.S. 16:1184(B) that:
La. R.S. 15:1184(B): the court, on its own motion or on the motion of a party, shall dismiss any prisoner suit if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief, or fails to state a claim upon which relief can be granted. If a court makes a determination to dismiss the suit based on content, or lack of underlying claim without first requiring the exhaustion of administrative remedies. The court shall review for docketing if feasible or, in any event as soon as practicable after docketing, a petition in a civil action in which a prisoner seeks redress from a governmental entity. On review, the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, or fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
In Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, the Louisiana Supreme Court held that original jurisdiction of all tort suits was vested in the district courts. The Pope case revealed that there are two separate tracks for redress of prisoner grievances under, the law. The DOC used the Corrections Administrative Review Procedure (CARP), La. R.S. 15:1171-1180 to create an in house system for handling grievances that arise out of ^prison administration. Under CARP, the proper jurisdiction for review of administrative decisions is the Nineteenth Judicial District. However, because Louisiana Constitution Article V, § 16(A) states that the district courts are *694 the courts of original jurisdiction for all tort suits, the Pope court held that CARP was unconstitutional as applied to tort actions, and that the proper jurisdiction for tort suits arising out of prison administration was the parish in which the prison is situated. The PLRA was amended in 2002 to reflect this ruling. See La. R.S. 15:1184(F). Consequently, a suit brought by a prisoner in tort was not subject to the administrative review proceedings under the Corrections Administrative Review Procedure (CARP), thus giving a prisoner a direct line to the district courts for redress of tort causes of action. Nonetheless, the Pope court acknowledged that the PLRA was enacted to curtail baseless or nuisance suits by prisoners:
La. R.S. 15:1188(A) of the PLRA allows the court to screen the petition and to identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
Id. at 720, n. 16.
In the instant case, the trial court reviewed Rhone’s petition and found that it failed to state a cognizable claim upon which relief could be granted. Rhone’s principal claims centered around DWCC’s alleged denial of his religious rights by failing to provide him with a diet of “starchless leafy green vegetables” required by the Nuwaubu religion. Rhone attached a copy of the required list of food items that he was to eat according to his religious beliefs, and on that list were white potatoes and an assortment of Ulegumes or beans. Under the loosest interpretation of “starchless and green, leafy vegetables” none of these items could fulfill the criteria Rhone alleges he must follow. His claim of needing a specific diet fails facially on the basis of the evidence that the plaintiff presented to support his claim. Consequently, we cannot say that the trial court committed manifest error in finding that Rhone had failed to state a cognizable cause of action for which relief could be granted.
CONCLUSION
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.