822 So.2d 760 (2002)
Leonce CREPPEL
v.
DIXON CORRECTIONAL INSTITUTE, James LeBlanc, Warden, Leslie Perkins, Medical Coordinator and Linda Hodgin, Nurse.
No. 2001 CA 2068.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
Opinion on Limited Grant of Rehearing July 30, 2002.
*761 Leonce Creppel, Jackson, Plaintiff/Appellant In Proper Person.
Andre Charles Castaing, Baton Rouge, Counsel for Defendants/Appellees Dixon Correctional Institute, James LeBlanc, Warden, Leslie Perkins, Medical Coordinator and Linda Hodgin, Nurse.
Before: WHIPPLE, DOWNING and KLINE[1], JJ.
KLINE, J.
This is an appeal brought by Leonce Creppel, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, seeking reversal of the district court's action dismissing his suit without prejudice on the grounds of prematurity.
Creppel originally filed suit in the district court seeking judicial review of an unnamed and unnumbered administrative remedy request. This request stems from an alleged act of negligence on the part of the nurse on duty at Dixon Correctional Institute. The defendants, Dixon Correctional Institute, Warden James LeBlanc, Leslie Perkins as Medical Coordinator, and the nurse Linda Hodgin (collectively referred to hereinafter as "DCI"), filed exceptions of prematurity and vagueness. A hearing was held on the exceptions on March 29, 2001 at Dixon Correctional Institute. The testimony of Connie Bowser, CARP screening officer at Dixon, was admitted as well as a copy of Creppel's alleged request for administrative remedies, marked as DCI Exhibit No. 1. After the hearing, the Commissioner recommended that the exception of prematurity be granted because Creppel had not exhausted all administrative remedies available to him before filing his suit for judicial review. On April 17, 2001 the district court adopted the Commissioner's report in its entirety, thus dismissing the case without prejudice. Creppel now appeals to this court.
*762 Both state and federal statutory law and jurisprudence require the exhaustion of administrative remedies before suit for judicial review may be filed. This court has ruled that no state court shall entertain an offender's grievance or complaint, which falls under the purview of the administrative remedy procedure, unless and until the offender has exhausted the remedies available to him as provided under the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171, et seq. See King v. State, Department of Public Safety and Corrections, 98-2910 (La.App. 1st Cir.2/18/00), 754 So.2d 1119; Marler v. Petty, 94-1851 (La.4/10/95), 653 So.2d 1167; Blackwell v. Louisiana Department of Public Safety and Corrections, 96-0954 (La.App. 1st Cir. 2/14/97), 690 So.2d 137, writ denied, 97-1158 (La.9/5/97), 700 So.2d 507. It is undisputed that Creppel has not exhausted his remedies under CARP.
Creppel argues that he initiated a claim under CARP, but states that it has been ignored by DCI. A copy of an alleged request for administrative remedies (which is a duplicate of the copy attached to Creppel's petition) was introduced into evidence by DCI as Defendant's Exhibit No. 1. Mrs. Connie Bowser, the ARP screening officer at DCI, testified that the alleged request had never been filed:
MR. CASTAING: You have no record of ever having received that particular one here at Dixon as part of the ARP system?
MS. BOWSER: Right.
Creppel introduced no evidence, nor made any argument, that DCI had in fact ignored his complaint. All of the evidence points to the probability that the CARP petition, if ever actually mailed, simply was never received by the CARP office. Under CARP procedure, Creppel's complaint was properly dismissed without prejudice.
However, the jurisdiction and forum of the matter is governed by the nature of the complaint. If in fact Creppel intends to bring an action in tort, the CARP proceeding is not the proper vehicle or venue to bring such action. Recently, in Pope v. State, 99-2559, p. 13 (La.6/29/01), 792 So.2d 713, the Louisiana Supreme Court declared the provisions of La. R.S. 15:1171-1179, pertaining to CARP proceedings, to be unconstitutional to the extent that the statutes applied to an inmate's tort claims. In so finding, the supreme court stated that requiring tort actions to be brought in a CARP proceeding is in violation of Article V, Section 16(A) of the Louisiana Constitution, which provides, in pertinent part, that "a district court shall have original jurisdiction of all civil and criminal matters." Pope v. State, 792 So.2d at 721. Apparently, Creppel's claim in his CARP complaint arises from alleged negligence committed by the nurse-on-duty at DCI. A claim of negligence is a claim in tort, a civil matter. Thus, Creppel is entitled to have the district court adjudicate his tort claim under its original jurisdiction.
Accordingly, the judgment must be reversed and the case remanded to the district court in its original jurisdiction for further proceedings.[2] Assessment of the *763 costs of this appeal shall await final determination of the merits.
REVERSED AND REMANDED.
PER CURIAM.
The application for rehearing by defendants requests this Court clarify its judgment rendered on June 21, 2002 which reversed the trial court's judgment sustaining defendants' exception of prematurity. We remanded the case to the trial court for exercise of its original jurisdiction.
We now grant rehearing for the limited purpose of maintaining our original opinion and expressing, as may need be, the reasoning that necessitated the reversal and remand in this case.
We reversed the trial court's judgment that sustained defendants' exception of prematurity, reasoning that this court was required to do so based on the Louisiana Supreme Court's ruling in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713.
The administrative remedies that were the subject of the exception of prematurity because of failure to exhaust those remedies were found to be an invalid attempt to alter the original jurisdiction of the district court by legislative acts as they relate to tort suits.
The Pope case did not, nor do we, address the constitutionality of R.S. 1171-79 with regard to non-tort actions filed by "offenders".
Defendants note that in Pope the court states that the Legislature is free to enact procedures for initial submission of tort claims by prison inmates to administrative agency for review as long as the action of the administrative agency does not constitute the exercise of original jurisdiction. We can only infer that an appropriately enacted procedure could require the exhaustion of remedies if, and only if, the original jurisdiction of the trial court is not impaired.
This court, in this cause, is not favored with that eventuality and, respectfully, we are not able to forecast.
However, for the present, screenings for frivolous suits can be done at the district court level pursuant to La. Revised Statutes 15:1184(B) or 15:1188.[1]
Defendants further contend that in Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the United States Supreme Court approved of requiring prisoners to exhaust administrative remedies prior to instituting suit. That dicta had no applicability here because, as the Louisiana Supreme Court noted in Pope, its decision was based on Article V, Section 16 of the Louisiana Constitution, and "[t]here is no counterpart to Article V, Section 16(A) in the federal Constitution." Pope, 99-2559 at p. 11, 792 So.2d at 720.
Finally, defendants question whether Pope affected the applicability of 42 USC § 1997e(a), Federal Prison Litigation Reform Act (FPLRA). The United States District Court for the middle District of Louisiana answered that question affirmatively in Reickenbacker v. Foster, 99-910 (M.D.La.3/21/02), in which the court denied the defendants' motion to dismiss for failure to exhaust administrative remedies under FPLRA, citing Pope.
*764 Thus, in direct response, this Court did express an opinion on the exception of prematurity for failure to exhaust administrative remedies, because those procedures were deemed unconstitutional as applied to tort suits.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note from the limited record before us that the appellant alleges a tort claim based on negligence (medical malpractice). We further note that the Malpractice Liability for State Services Act, La. R.S. 40:1299.39, et seq. provides that no action against the state or its agencies may be commenced in any court before the complaint has been presented to a state medical review panel. See La. R.S. 40:1299.39.1(B)(1)(a)(i). However, La. R.S. 40:1299.39.1(A)(1) specifically excludes claims by prisoners from this requirement, thereby exempting prisoner claims from review by a state medical review panel. By our holding herein, we express no view as to the effect of Pope v. State on the provisions of La. R.S. 40:1299.39.1(A)(1) and La. R.S. 40:1299.39.1(B)(1)(a)(i).
[1] The Supreme Court noted LSA-R.S. 15:1188 with approval in Pope stating that in the judicial screening stage, the court acts as a trial court rather than in a judicial review of another tribunal. Pope, 99-2559 at p. 12 n. 16, 792 So.2d at 720 n. 16.