STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-716

LOUIS STEMLEY

VERSUS

WAYNE DESCANT, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2000-0985-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Anselm Nnaemeka Nwokorie
Smith & Nwokorie
P. O. Box 532
Farmerville, LA 71241-0532
Telephone: (318) 368-9543
COUNSEL FOR:
    Defendants/Appellees - J. Firmin, Capt. Blaine Villmarette, Wayne Descant, Jason Paul, Tom Perkins, Dr. Quyen Tran, Connie Lemoine, Major Anthony Corner, Major Billy Tigner, Major Donald Ducote, Cindy Soileau, Aaron Gaspard, Michael Coco, and Lillie Littleton

Laurel Irene White
Assistant Attorney General
P. O. Box 1710
Alexandria, LA 71309
Telephone: (318) 487-5944
COUNSEL FOR:
    Defendant/Appellee - State of Louisiana

**Louis Stemley (PRO SE)**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**
**Telephone: (337) 639-2943**

THIBODEAUX, Chief Judge.

Plaintiff, Louis Stemley (Mr. Stemley), filed this appeal *pro se* from the trial court judgment which dismissed his civil suit against fifteen named defendants (Defendants) who are all employees of the Louisiana Department of Public Safety and Corrections (DPSC) and who work at the Avoyelles Parish Correctional Center where Mr. Stemley was incarcerated. The judgment dismissed his lawsuit because he failed to timely file for judicial review pursuant to the procedures and timelines specified in La.R.S. 15:1177, *et seq*. For the following reasons, we affirm the judgment of the trial court dismissing Mr. Stemley's civil action.

I.

## ISSUE

While Mr. Stemley complains of several errors, the primary issue to be decided by this appeal is whether the trial court committed error by determining that Mr. Stemley filed his civil action in district court seeking judicial review of several complaints concerning the conditions of his confinement after the peremptory period for filing that complaint had already expired.

II.

## FACTS

Mr. Stemley began his incarceration at the Avoyelles Parish Correctional Center in February of 1999. He alleges that soon after his arrival he was subjected to a pattern and practice of harassment and false charges by the Defendants. Based on those charges, medications found in Mr. Stemley's possession were confiscated, his work assignment was changed, and he lost some of the time he had earned for good behavior. He further alleges that the actions of the Defendants were racially motivated.

Mr. Stemley filed six Requests for Administrative Remedy based on these grievances using the prison administrative remedy process pursuant to the Corrections Administrative Remedy Procedure (CARP), found in La.R.S. 15:1171, *et seq.* Under CARP, the process for following through on an inmate's Request for Administrative Remedy has three parts. If the inmate's Request for Administrative Remedy is denied at all three stages of the process, the statute allows for the inmate to file a civil action in the Nineteenth Judicial District Court. La.R.S. 15:1177(A). On June 8, 2000, Mr. Stemley's final appeal to the Disciplinary Board of the DPSC on the last of his six requests, appeal number HDQ-9942, AVC-99-0465, was denied in the third-step review. Mr. Stemley was given notice of that ruling on June 13, 2000, and he signed a receipt stating that he received the notice of that ruling. He then filed a petition for damages in district court against the Defendants on September 13, 2000.

The Defendants filed a Peremptory Exception of Failure to Timely Seek Judicial Review. The trial court granted that exception *ex parte*. Mr. Stemley appealed that judgment, which dismissed his civil action. This court vacated the trial court's judgment because the record did not contain an actual copy of the Disciplinary Board's June 8, 2003 ruling, nor did it contain evidence of the date the ruling was signed. The case was remanded to the trial court for further hearings. The Defendants re-filed the exception and introduced the relevant Disciplinary Board ruling into the record. The Defendants also produced all of the documents to Mr. Stemley.

The trial court held a hearing on the exception. Following the arguments of both parties, the trial court granted the exception and once again dismissed Mr.

Stemley's lawsuit. Mr. Stemley timely filed an appeal of that judgment with this court.

## III.

## LAW AND DISCUSSION

### Standard of Review

When an inmate at a DPSC institution has a complaint regarding the conditions of his or her confinement, they must first exhaust all of their administrative remedies provided by law. La.R.S. 15:1171, *et seq*. Causes of action which fall within the purview of this statute are enumerated and explained as follows:

> The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. **Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes.** Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.

La.R.S. 15:1171(B) (emphasis added) (footnote omitted).

If an inmate has exhausted the three-step administrative process and still seeks redress of his or her concerns, La.R.S. 15:1177 provides that the offender may then seek judicial review of the final administrative decision. The pertinent section of the statute states:

> § 1177. Judicial review of administrative acts; exception
>
> A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided . . . .

La.R.S. 15:1177(A). When this court vacated the judgment of the trial court dismissing Mr. Stemley's claims in 2003, it was based on the fact that the record did not contain the actual Disciplinary Board document stating that Mr. Stemley's third-step review of his claims was denied. *Stemley v. Descant*, 03-662 (La.App. 3 Cir. 11/5/03), 858 So.2d 841. At the March 28, 2006 hearing on the Defendants' Motion to Re-Set the Peremptory Exception of Failure to Timely Seek Judicial Review, that document was introduced into the record. The record also contains proof that Mr. Stemley received a written copy of that ruling on June 13, 2000. Therefore, the record is now clear that when Mr. Stemley filed his petition for judicial review on September 13, 2000, he filed it past the thirty-day deadline outlined by La.R.S. 15:1177.

Mr. Stemley argues that his claims are exempted from the thirty-day deadline. He argues that his claims against the Defendants are tort claims because he is asking for damages due to violation of his rights. In *Pope v. State*, 99-2559 (La.

4

6/29/01), 792 So.2d 713, the Louisiana Supreme Court held that certain provisions of CARP violated the Louisiana constitution because those provisions divested district courts of original jurisdiction over tort claims filed against the DPSC.

> In particular, the supreme court found objectionable those provisions that "allow[ed] the [DPSC], in tort actions, to effectively adjudicate its own delictual liability, and then require[d] the district courts to give 'manifest error rule' deference to that adjudication." Id. at 721 (footnote omitted). However, the supreme court also recognized in *Pope* that the legislature "is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review, . . . as long as the action of the administrative agency does not constitute the exercise of original jurisdiction." Id. at 720.

*Ngo v. Estes*, 04-186, p. 2 (La.App. 3 Cir. 9/29/04), 882 So.2d 1262, 1263, quoting *Pope*, 792 So.2d at 720-21.

All of Mr. Stemley's claims stem from his complaints about how different prison employees treated him. Louisiana Revised Statutes 15:1181 defines civil actions with respect to prison conditions as "any civil proceeding with respect to the conditions of confinement or the effects of the actions by government officials on the lives of persons confined in prison . . . ." La.R.S. 15:1181(2). Unlike the plaintiff in *Pope*, Mr. Stemley received no actual injury, nor was he the victim of an accident. His complaints arise from his dissatisfaction with the way he was treated by prison personnel. These kinds of complaints fall squarely within the definition of complaints regarding conditions of confinement.

> The injuries suffered by the inmate in *Pope* had nothing to do with disciplinary or administrative remedy proceedings, but were caused by an accident which occurred while performing demolition work on a separate correctional facility. In contrast, Peterson's alleged "tort" claims arise directly from the disciplinary and administrative remedy proceedings of the DOC and not from an independent accident.

5

*Peterson v. Austin*, 36, 365, p. 5 (La.App. 2 Cir. 12/11/02), 836 So.2d 235, 238, *writ denied*, 03-510 (La. 1/30/04), 865 So.2d 70.

"[T]he nature of a pleading is determined by its substance and not its caption. See La. C.C. P. art. 865; *Revere v. Reed*, 95-1913 (La.App. 1 Cir. 05/10/96), 675 So.2d 292." *Id*. at 237. All of Mr. Stemley's claims fall squarely within the definition of conditions of confinement and are, therefore, not tort claims. His suit in district court was based on the denial of the third-step review of the last of his Requests for Administrative Remedy. His claim was not based on an action or omission which caused him bodily harm and not subject to the limitations discussed in *Pope*. His claim is, therefore, subject to the time limitation set in La.R.S. 15:1177. Since he did not file his claim in district court within thirty days of receiving notice of the denial of his third-step review, his claim was properly dismissed.

### Mr. Stemley's Other Issues

*Defendants' Second Motion to Continue and Reset Hearing on Peremptory Exception of Failure to Timely Seek Judicial Review was Moot Due to Their Failure to Seek Rehearing or Review by the Louisiana Supreme Court*

The Defendants are not required to file an appeal of the 2003 judgment of this court. Appeals are discretionary, not mandatory. "The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed." La.Code Civ. P. art. 2166(A). Since the Defendants neither filed an application to this Court for a rehearing nor with the supreme court for a writ of certiorari, the 2003 judgment is a final, nonappealable judgment. That judgment vacated the district court's initial judgment of dismissal and remanded the case for further hearings. Upon rehearing, the Defendants properly requested a rehearing on

6

the peremptory exception. The process followed by the Defendants was correct. Mr. Stemley's argument is meritless.

*The Trial Court Erred in Conducting the Hearing on Defendants' Exception in Absence of Their Compliance With the Subpoena Duces Tecum*

There is no evidence of a subpoena duces tecum filed by Mr. Stemley anywhere in the record. Furthermore, Mr. Stemley was provided with the Disciplinary Board's June 8, 2000 decision denying his third-step review of his complaint on June 13, 2000, and at the March 28, 2006 hearing at the district court. This argument is also meritless.

IV.

## CONCLUSION

While Mr. Stemley exhausted all of his administrative remedies based on his complaints about his conditions of confinement while he was an inmate at the Avoyelles Parish Correctional Center, he did not timely file his petition for review with the district court. We affirm the district court's judgment dismissing his lawsuit. All costs of this appeal are assessed to Mr. Stemley.

**AFFIRMED.**