ANTONIO TYSON
v.
JAMES LEBLANC-SECRETARY, JEFFREY TRAVIS-WARDEN
No. 2009 CA 0799.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
ANTONIO TYSON, Plaintiff/Appellant, In Proper Person.
DEBRA A. RUTLEDGE, Counsel for Defendant/Appellee, James LeBlanc as Secretaryof the Louisiana Department of Public Safety and Corrections.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
The plaintiff, Antonio Tyson, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), filed a petition in the 19 Judicial District Court seeking review in accordance with La. R.S. 15:1171, et seq. After DPSC filed the administrative record, Mr. Tyson filed several pleadings requesting additional relief including monetary damages and injunctive relief. The Commissioner's screening report pointed out that these additional claims were not properly before the court and must be filed as ordinary proceedings in the venue of the parish were the petitioner is incarcerated. La. R.S. 15:1181, et seq; See Pope v. State, 99-2559 (La. 6/29/01), 792 So.2d 713. The Commissioner's screening report, filed October 29, 2008, recommended that the district court maintain appellate jurisdiction over the administrative decision only and dismiss the other claims without prejudice. Since 2002, all suits for damages, pursuant to La. R.S. 15:1184 and LSA-C.C.P. arts. 853-893, are required to be filed as ordinary suits in the venue where the petitioner was incarcerated when the incident occurred.
Mr. Tyson notified the Court in his traversal, filed November 14, 2008, that he did not wish to have this matter reviewed on the record only as an appeal, but wanted to pursue the matter as a civil rights claim for damages. Mr. Tyson insisted that venue was proper at the 19th Judicial District Court, but cited no valid authority to support this contention. He also prayed to "remand all claims as a delictual action to the 22nd J.D.C., Parish of Washington  Franklinton, La." The district court dismissed this suit without prejudice.
Our review of the record confirms that, as the Commissioner's screening report stated, Mr. Tyson's suit is a claim for monetary damages for injuries suffered in the disciplinary process by prison personnel where Mr. Tyson was incarcerated. This action must be filed in the venue where the incident occurred. La. R.S. 15:1177 and 1178; La. R.S. 15:1184. The record reflects that the petitioner was advised to proceed with his appeal on the rejection of the complaint filed in RCC-2008-106, but to file his other issues with the court of proper venue. Mr. Tyson did not choose to do so, and his suit was dismissed without prejudice.
Accordingly, we affirm the judgment of the district court, signed December 8, 2008, through this summary disposition, in accordance with Rule 2-16.2 of the Uniform Rules of the Louisiana Courts of Appeal.
AFFIRMED.