GREMILLION, Judge,
dissenting.
|,I respectfully dissent from the majority’s decision and would affirm the trial court.
Mr. Budwine is an inmate at the Allen Correctional Center in Kinder, Louisiana. He alleged in his petition that he was attacked by another inmate, Alton Marks, on September 4, 2012. Mr. Budwine sought administrative relief by filing a request for same on January 23, 2013. His relief was denied by the Secretary of the Department of Public Safety and Corrections on March 11, 2013. Mr. Budwine filed suit on September 5, 2013, in the Thirty-Third Judicial District Court in which he named Marks and several employees of GEO, Inc., and GEO itself[1] as defendants. Mr. Budwine attempted to file the matter in forma pauperis.
In accordance with La.R.S. 15:1188, the trial court reviewed Mr. Budwine’s petition. The trial court found that Mr. Bud-wine failed to allege that he followed the Correctional Administrative Remedy Procedure Act (CARP), La.R.S. 15:1171 et seq., and specifically, that he did not pursue administrative remedies within ninety days of the tort, as is required by La.R.S. 15:1172(B)(1). Further, the trial court found that Mr. Budwine’s petition failed to state a claim upon which relief 12could be granted as to his demands for punitive damages and injunctive relief. The trial court also denied the motion to allow Mr. Budwine to proceed in forma pauperis, because he had not used the correct form in his application.[2] This appeal ensued.
In dismissing Mr. Budwine’s demands for injunctive relief and punitive damages, the trial court relied upon the Prison Litigation Reform Act, La.R.S. 15:1181, et seq. Section 1188 of the Prison Litigation Reform Act provides for judicial screening of all prisoner suits in no event before service on the defendants and to dismiss the petition or any portion thereof if the petition is frivolous, malicious, fails to state a cause of action, seeks money damages from an immune entity or person, or, redundantly, “fails to state a claim upon which relief can be granted.” Also before service can be initiated, a prisoner is required by the Act to comply with requirements if he is proceeding in forma pauperis. La.R.S. 15:1186.
The Louisiana Supreme Court in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, *552 declared that CARP was unconstitutional as applied to tort claims. The Louisiana Constitution vests original jurisdiction of civil claims with the district court, and CARP impermissibly divests those courts of that jurisdiction. The court determined that this divestiture was effected by virtue of the fact that under CARP, the matter would be tried by the administrative agency, and the district court was then limited to determining whether the agency had manifestly erred. However, the court also stated, “The Legislature, of course, is free to enact procedures for initial submission of tort claims by prison inmates to an administrative | sagency for review, for example, of frivolous claims, as long as the action of the administrative agency does not constitute the exercise of original jurisdiction.” Id. at 720. The quoted language was footnoted, and that footnote endorsed the procedure adopted in the Prison Litigation Reform Act that requires that the district court review the petition and dismiss it or portions thereof, as noted above.
Following the" decision in Pope, the legislature responded by amending La.R.S. 15:1172(B) to address the supreme court’s decision. See 2002 La. Acts First Ex. Sess. No. 89, § 2. Pope indicates that the trial court did not err in dismissing the plaintiffs petition. The legislature can require that an inmate initiate his demand by seeking administrative review. Mr. Budwine initiated administrative review, but well after the ninety-day period prescribed by La.R.S. 15:1172(B)(1); thus, the trial court properly dismissed it as to GEO and its employees. The other contentions in Mr. Budwine’s appeal concerning whether he stated a cause of action against the GEO defendants and regarding whether he should be allowed to proceed in forma pauperis are rendered moot.
The judgment of the trial court in favor of all defendants except Alton Marks and against Appellant, Kenyon Budwine, should be affirmed.

. GEO, Inc. manages the prison.

. Mr. Budwine later filed the proper application to proceed in forma pauperis and his application was granted on September 23, 2013.