823 So.2d 1130 (2002)
John POULLARD, Plaintiff-Appellant
v.
Lt. Col. Ray HANSON, et al., Defendant-Appellee.
No. 36,290-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1131 John Poullard, In Proper Person.
Julie M. Lafargue, Reginald W. Abrams, Shreveport, for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
WILLIAMS, J.
In this suit for damages and declaratory judgment, the plaintiff John Poullard, a prisoner at David Wade Correctional Institute, appeals a judgment of the trial court sustaining dilatory exceptions filed by the defendants, Lt. Col. Ray Hanson, Classification Officer Jamie Fussell, and Sgt. Randall DeLoach. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
John Poullard is a prisoner at the David Wade Correctional Institute. He asserts that on September 30, 2001, Sgt. Randall DeLoach, an employee of the David Wade Correctional Institute, fabricated a disciplinary report against Poullard after Sgt. DeLoach told Poullard that he could have Poullard's mattress, sheets and blanket taken from his cell. On October 4, 2001, Poullard appeared before a disciplinary board consisting of Lt. Col. Ray Hanson and Classification Officer Jamie Fussell, also employees of the David Wade Correctional Institute. According to Poullard, he told the board that the disciplinary report was not true, and requested to call another inmate as a witness to prove that the report was false. However, Poullard asserted that the board denied his request and ordered security to take Poullard's mattress, sheets and blanket, leaving him with only a concrete slab as a bed in an isolation cell. Poullard also asserted that the concrete aggravated a medical problem with his prostate and that his complaint to the defendants about being deprived of his mattress, blanket and sheets was ignored.
Based on these allegations, Poullard filed a petition for damages asserting that the defendants violated a duty of care owed to him, and that he was deprived of equal protection of the law because all inmates were governed by the same disciplinary rules, but deprivation of the mattress, sheets, and blanket was not listed in the rules as a part of any penalty or sentence. Alleging that the actions against him were unconstitutional, Poullard sought a declaratory judgment that the defendants had unconstitutionally deprived him of his mattress, sheet and blanket. He further sought damages in the amount of $15,000 for the aggravation of his prostate condition and $500 for each day that he went without a mattress.
As previously noted, the defendants filed dilatory exceptions of prematurity and vagueness based upon Poullard's failure to exhaust administrative remedies and failure to identify the file number of any administrative remedy exhausted with respect to his claim. Poullard filed an opposition to the exception of prematurity, asserting that the presentation of his state court tort action to the prison officials charged with executing the administrative remedy would unconstitutionally divest the district court of original jurisdiction. In *1132 support of this position, Poullard cited Pope v. State, 1999-2559 (La.6/29/01), 792 So.2d 713.
At a hearing on the exceptions, the trial court concluded that Pope, supra, did not make Louisiana's entire Correction Administrative Remedy Procedure ("CARP") unconstitutional and had no effect on Louisiana's Prison Litigation Reform Act ("PLRA"). Accordingly, the court found that under both statutes, the inmate was obligated to proceed with the administrative remedies available to him before he could file suit in district court. The court further concluded that Poullard was not alleging "the sorts of injuries that Mr. Pope suffered," and that "just calling the matter a tort action" did not allow the prisoner to escape the effects of CARP and PLRA. Poullard now appeals.

DISCUSSION
On appeal, Poullard asserts that the trial court erred in granting the defendants' exceptions of vagueness and ambiguity. Before addressing the merits of his assertions, we first will review pertinent provisions of the CARP and PLRA. The provisions of CARP are found in LSA-R.S. 15:1171-1179. Section 1171 allows the Department of Public Safety and Corrections ("DPSC") and each sheriff to adopt an administrative remedy procedure for receiving, hearing and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor and other enumerated individuals, including officials or employees of DPSC. Section 1171 states that such complaints and grievances include but are not limited to:
any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes.
Finally, Section 1171 states that such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. While CARP appears to apply to virtually all complaints and grievances by adult and juvenile offenders against the state and the individuals enumerated therein, PLRA may have a narrower scope to the extent that the term "prisoner suit" is defined in LSA-R.S. 15:1181(2) as:
any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
See Frederick v. Ieyoub, 99-0616 (La.App. 1st Cir.5/12/00), 762 So.2d 144, writ denied, XXXX-XXXX (La.4/12/01), 789 So.2d 581.
The provisions of PLRA, LSA-R.S. 15:1181-1190, were enacted to curtail baseless or nuisance suits by prisoners. See Pope, supra. Under the provisions of LSA-R.S. 15:1184(A)(2), no prisoner suit shall assert a claim under state law until such administrative remedies are exhausted. If a prisoner suit is filed in contravention of this provision, the court shall dismiss the suit without prejudice. Furthermore, under the provisions of Section 1184(B), the court, on its own motion or the motion of any party, shall dismiss any prisoner suit if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant that is immune *1133 from such relief or fails to state a claim upon which relief can be granted. When a court determines that a suit can be dismissed on these grounds, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.
Just as PLRA requires the exhaustion of administrative remedies, so did CARP prior to recent legislative amendments.[1] Under the former provisions of LSA-R.S. 15:1172(B), no state court could entertain an offender's grievance or complaint which fell under the purview of the administrative remedy procedure unless and until the offender had exhausted the remedies provided by the procedure. Now, if the offender has not timely pursued the administrative remedies, his other claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If the administrative remedy process is ongoing at the time the petition is filed, but has not yet been completed, the suit shall be dismissed without prejudice. LSA-R.S. 15:1172(C).
Furthermore, CARP, like PLRA, contains provisions with respect to judicial screening. Under the provisions of LSA-R.S. 15:1178, when a clerk of court receives a petition for judicial review, the clerk is to transmit the petition to the appropriate division or official of the court before taking any action on the petition. The court then reviews the petition to determine if it states a cognizable claim or if it, on its face, is frivolous or malicious, fails to state a cause of action or seeks monetary damages from a defendant who is immune from liability for such damages. If the court determines that the petition states a cognizable claim, the court returns the petition to the clerk of court for service. However, if the court determines that the petition, on its face, is frivolous, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages, the court may dismiss the petition, or any portion of the petition, without requiring the exhaustion of administrative remedies.
CARP and PLRA greatly overlap in scope of coverage and are similar with respect to judicial screening. However, for our purposes in this case, a significant difference existed at the time this case was before the trial court. The Louisiana Supreme Court, in Pope, supra, concluded that under the administrative remedy procedure adopted by DPSC pursuant to CARP, department officials exercised original jurisdiction in violation of the Louisiana Constitution, at least in tort actions, and that the judicial review provisions of Section 1177 of CARP emphasized this conclusion. The court in Pope further concluded that LSA R.S. 15:1171-1179, as they then read, were unconstitutional to the extent that they were applied to tort actions.
Nevertheless, in Pope, the supreme court also stated that the legislature was free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review as long as the action of the administrative agency did not constitute the exercise of original jurisdiction. The court also noted that under Section 1188 of PLRA, a district court in the judicial screening stage is acting as a trial court, rather than conducting judicial review of the determination of another tribunal.
*1134 Considering the reasons underlying the court's holding in Pope, supra, and the court's acknowledgment that the legislature could enact procedures for initial submission of tort claims by inmates for administrative review, as long as the review did not constitute the exercise of original jurisdiction, the possibility existed for several sections of CARP to be saved from unconstitutionality vis-a-vis tort claims by: (1) DPSC adopting a new administrative remedy procedure that, instead of funneling all unsuccessfully resolved inmate claims into the judicial review process described by LSA-R.S. 15:1177, simply provided that such prisoner claims could be filed in district court; and (2) the legislature amending and reenacting the portions of CARP relating to judicial review in order to make them constitutional by excluding delictual actions for injury or damages.
With respect to adoption of an administrative remedy procedure, we note that under the administrative remedy procedure in effect at the time of the decision in Pope, supra, if an offender was not satisfied with the response from the third step of the administrative remedy procedure, he or she could "seek judicial review of the decision pursuant to LSA-R.S. 15:1177 within 30 days after receipt and signing for the decision." However, on April 20, 2002, DPSC published new rules in the Louisiana Administrative Register, Volume 28, Issue 4. The new rules encourage inmates to resolve problems within the institution informally before initiating the formal process which consists of two steps. The first step consists of writing a letter to the warden in which the inmate briefly sets out the basis for his or her claim and the relief sought. The second step is an appeal to the Secretary of the DPSC in which the inmate indicates that he or she is not satisfied with the warden's response. The rules then provide:
If an inmate is not satisfied with the Second Step response, he may file suit in District Court. The inmate must furnish the administrative remedy procedure number on the court forms.
Thus, the provisions of the new, more streamlined administrative remedy procedure do not directly funnel unresolved inmate claims into the judicial review process of LSA-R.S. 15:1177. Instead, the new rules simply inform the inmate that he or she may file suit in district court. This change shows that DPSC has responded to Pope, and that under the new procedure, DPSC officials are to simply review, and hopefully resolve, inmate claims before a suit is filed. The statutory provisions then address the applicability and the nature of judicial review if a suit is filed.
In addition to the recent changes in DPSC's administrative remedy procedure, the legislature also recently amended the provisions of both CARP and PLRA to address and resolve the constitutionality problems pointed out in Pope. Act 89 of 2002 made a number of procedural and curative changes that can be applied both retrospectively and prospectively, and, thus, are pertinent to the case at bar.
Amended provisions of Section 1177 of CARP concerning judicial review now exclude administrative decisions relative to delictual actions for injury and damages. Such actions shall be separately filed as original civil actions. New provisions of Section 1172(E) also suspend liberative prescription for any delictual action for injury or damages arising out of claims asserted by a prisoner in any complaint or grievance filed pursuant to the administrative remedy procedure. The suspension exists from the filing of such a complaint or grievance until the delivery of the final agency decision.
*1135 The effect of the amendments to DPSC administrative remedy procedures, and to statutory provisions of CARP and PLRA, is to cure the constitutionality problems that Pope identified with respect to delictual actions. These changes apply to appellant's claims.
In the present case, the trial court correctly found that the evidence presented indicated a failure by Poullard to exhaust administrative remedies. Accordingly, we affirm the trial court's judgment dismissing his suit without prejudice for failure to exhaust administrative remedies. Because the administrative procedure and statutory law changed after this case was decided in the trial court, but before this opinion was rendered, we hold that Poullard has 90 days from the date of this opinion to initiate administrative remedies for his delictual action.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed, at appellant's costs. Appellant has 90 days to initiate administrative remedies.
AFFIRMED.
NOTES
[1] As discussed herein, several changes were made to provisions of both PLRA and CARP by Act 89 of 2002. Although these changes occurred after the events in the instant case, the pertinent changes were both curative and procedural and may be applied both retroactively and prospectively.