902 So.2d 1258 (2005)
Alfonso RHONE, Plaintiff-Appellant
v.
Kelly WARD, Warden, et al., Defendants-Appellees.
No. 39,701-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1259 Alfonso Rhone, In Proper Person.
*1260 Charles C. Foti, Jr., Attorney General, David G. Sanders, Sonia Mallett, Assistant Attorneys General, for Appellees Michael Rhodes, Kelly Ward and Charles C. Foti, Jr.
Before WILLIAMS, STEWART and PEATROSS, JJ.
STEWART, J.
At issue in this appeal is the constitutionality of La. R.S. 15:1186(B)(2) of the Prison Litigation Reform Act ("PLRA"), which provides an automatic stay of in forma pauperis civil actions filed by prisoners until all court costs are paid. Alfonso Rhone, an inmate whose civil tort action has been stayed, sought to have the automatic stay provision declared unconstitutional. The trial court denied relief. Rhone argues that the automatic stay provision violates La. Const. Art. I, Sections 3, 9, and 22. He also argues that the stay does not apply retroactively to cases pending prior to the effective date of the automatic stay provision. Finding no constitutional violation and finding the automatic stay applicable to Rhone's pending civil tort suit, we affirm the judgment of the trial court.

FACTS
Alfonso Rhone, an inmate at David Wade Correctional Center ("DWCC"), filed a complaint for money damages and other relief under the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171 et seq., alleging that he suffered medical problems from exposure to contaminated water in 1998. After exhausting his administrative remedies, Rhone sought review in the Nineteenth Judicial District Court. The district court dismissed Rhone's claim. Rhone then sought appellate review in the First Circuit Court of Appeal. The appellate court followed the then recently rendered decision in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, which held CARP unconstitutional as applied to tort actions by prisoners, and remanded the matter for the district court to adjudicate Rhone's tort claim under its original jurisdiction. See Rhone v. Ward, XXXX-XXXX (La.App. 1st Cir.11/9/01), 818 So.2d 26. The matter was then transferred to the Second Judicial District Court in Claiborne Parish where DWCC is located.
By judgment rendered October 29, 2002, the suit was docketed with Rhone being allowed to proceed in forma pauperis. On October 15, 2003, the defendants (DWCC's former warden, Kelly Ward, and Michael Rhones, a DWCC employee) filed a motion to enforce the automatic stay provided in La. R.S. 15:1186(B)(2)(a) pending payment of court costs incurred by Rhone. On March 18, 2004, the trial court granted the motion and ordered Rhone's suit stayed until payment of all court costs or fees due the clerk accrued by him after April 18, 2002, the effective date of Act 89 of the 2002, 1st Ex.Sess., which added the automatic stay provision to La. R.S. 15:1186.
After the trial court ordered Rhone's suit stayed, Rhone filed a petition to have the automatic stay provision declared unconstitutional. Rhone asserted that the automatic stay of indigent prisoners' suits violates La. Const. Art. I, Sections 3, 9, and 22 guaranteeing equal protection of the law and access to the courts. The attorney general filed an opposition to defend the constitutionality of the automatic stay provision.
After a hearing on May 3, 2004, the trial judge denied Rhone's petition with reasons recited in open court. Rejecting Rhone's equal protection challenge, the trial judge determined that neither indigents nor prisoners are suspect classes, that there is no fundamental right to file a free civil suit *1261 for damages, and that limitation of litigation by prisoners to those suits that are valid enough for prisoners to willingly pay court costs and fees is a legitimate state interest. The trial judge also rejected Rhone's claim that the automatic stay denied access to the courts by noting that the statute does not prevent a prisoner from filing a suit and that the statute exempts specific suits unique to prisoners. Judgment was signed May 11, 2004.
Following the denial of his constitutional challenge, Rhone sought supervisory review before this court. Because a final judgment was at issue, we converted the writ to an appeal to address the constitutionality of the automatic stay provision set forth in La. R.S. 15:1186(B)(2) of the PLRA.

DISCUSSION
The party attacking the constitutionality of a statute bears the burden of proof. Pope v. State, supra. The burden of proof requires the attacking party to point out a specific constitutional provision which clearly prohibits the legislature from enacting the statute at issue. Id. This is so because the state constitution limits the otherwise plenary power of the legislature; in other words, the legislature may enact any legislation not prohibited by the state constitution. Polk v. Edwards, 626 So.2d 1128 (La.1993). All statutory enactments are presumed constitutional. Id. Moreover, any doubt as to the legislation's constitutionality must be resolved in favor of finding the provision constitutional. Id.
The statutory provision being challenged by Rhone is La. R.S. 15:1186(B)(2), which provides, in relevant part, as follows:
(2)(a) The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.
(b) If at any time during the pendency of the action additional costs of court or fees due the clerk by the prisoner accrue and are unpaid by the prisoner, then upon order of the court ex proprio motu or upon motion of the clerk or any other party, the action may be stayed as provided herein until all such additional costs are paid.
Though added in 2002, this provision is part of the PLRA, La. R.S. 15:1181-1190, which was enacted to curtail baseless or nuisance suits by prisoners. Pope v. State, supra, at note 16; Poullard v. Hanson, 36,290 (La.App. 2d Cir.8/14/02), 823 So.2d 1130, writ denied, 2002-2730 (La.1/24/03), 836 So.2d 45.

La. Const. Art. I, Section 3  Equal Protection
In attacking the constitutionality of the automatic stay provision of La. R.S. 15:1186(B)(2), Rhone asserts that the provision is contrary to the equal protection guaranteed in La. Const. Art. I, Section 3, which prohibits discrimination on the basis of race, religion, birth, age, sex, culture, physical condition, and political ideas or affiliations. In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), the supreme court addressed the legislative classifications and applicable burdens of proof in equal protection challenges. The Sibley court explained that when legislation classifies individuals on any basis other than those set forth in Section 3, the burden when challenging the legislation's constitutionality *1262 is to show that the classification "does not suitably further any appropriate state interest." Id. at 1107.
The supreme court further explained in Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442 (La.1989), that "(u)nder the U.S. Constitution, the legislative classification must be rationally related to a legitimate state purpose, a standard of review that is essentially the same as Louisiana's where no fundamental right or suspect classification is involved." (Citations omitted.) Neither our state nor federal constitutional guarantees of equal protection "require absolute equality or precisely equal advantages." Frederick v. Ieyoub, 99-0616 (La.5/12/00), 762 So.2d 144, writ denied, XXXX-XXXX (La.4/12/01), 789 So.2d 581, citing Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).
Rhone's complaint does not allege that the automatic stay provision discriminates on the basis of any of the grounds set forth in the constitutional provision. Rather, he alleges that the automatic stay denies equal protection of the laws to indigent prisoners who file civil suits. Neither indigents nor prisoners are suspect classes for equal protection purposes. Harris v. McRae, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980); Carson v. Johnson, 112 F.3d 818 (5th Cir.1997). Additionally, an inmate does not have a fundamental right to file a cost-free suit for damages. Taylor v. Broom, 526 So.2d 1367 (La.App. 1st Cir.1988), citing Everett v. Goldman, 359 So.2d 1256 (La.1978). Because the automatic stay provision does not discriminate on the basis of any classification set forth in La. Const. Art. I, Section 3, and does not involve any suspect classification or fundamental right, Rhone must demonstrate that the legislation does not further any legitimate state interest. He does not meet this burden.
As stated, the purpose of the PLRA is to curtail baseless and nuisance suits by prisoners. Reducing such suits and lessening the burdens such suits place on our court system and judicial resources are legitimate state interests. The automatic stay provision furthers these state interests by requiring indigent prisoners to pay the costs of litigation as they accrue. This discourages prisoners from filing suits that lack merit and that are filed for recreational or harassment purposes. It also discourages the filing of unnecessary motions and discovery requests that prolong litigation, increase the cost for litigants, and strain limited judicial resources. By knowing that their civil suit will be stayed pending payment of costs and fees associated with litigation, prisoners who might otherwise file countless unworthy suits are led to weigh the costs of litigation to determine whether they have a claim worthy of pursuit and expenditure of their limited monetary resources. For these reasons, we find that the automatic stay provision of La. R.S. 15:1186(B)(2) is supported by a rational basis reasonably related to a governmental interest and does not violate equal protection under our state constitution.

La. Const. Art. I, Sections 9 and 22  Redress of Grievances and Access to the Courts
Rhone contends that the automatic stay provision is unconstitutional in that it impairs the right to petition the government for redress of grievances and the right of access to the courts as provided by La. Const. Art. 1, Sections 9 and 22, respectively.
We recognize that prisoners have a constitutional right of access to the courts. Rochon v. Roemer, 93-2444 (La.1/7/94), 630 So.2d 247, reh'ing den., 93-2444 *1263 (La.2/11/94), 634 So.2d 369 and 93-2444 (La.3/25/94), 635 So.2d 229, cert. den., 512 U.S. 1224, 114 S.Ct. 2716, 129 L.Ed.2d 841 (1994), citing Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, prisoners do not have a fundamental constitutional right to sue for civil damages. Thus, their access to the courts may be restricted if there is a rational basis for the restriction. Taylor v. Broom, supra. See also Safety Net for Abused Persons v. Segura, 96-1978 (La.4/8/97), 692 So.2d 1038, 1042, explaining, "Where access to the judicial process is not essential to the exercise of a fundamental right, the legislature is free to restrict access to the judicial machinery if there is a rational basis for that restriction." (Citations omitted.)
Rhone cites Rochon v. Roemer, supra, as support for his argument that the automatic stay deprives indigent prisoners of access to the courts. In Rochon, supra, the supreme court found that an order staying all lawsuits by Rochon, the plaintiff-inmate, pending payment of a court-ordered fine unduly impaired Rochon's constitutional right of access to the courts. While Rochon appears on point with the matter before this court, Rhone's reliance is misplaced due to significant distinguishing factors. The stay in Rochon was a court-imposed sanction and applied to all lawsuits. Here, the stay is imposed by legislation and is not a sanction. Also, the automatic stay applies only to the matter for which costs are owed as it prohibits the prisoner from taking any action to prosecute the suit. La. R.S. 15:1186(B)(2)(d) specifically exempts certain suits unique to prisoners from application of the stay. The exempted suits include proceedings for judicial review brought pursuant to R.S. 15:1177, post-conviction relief or habeas corpus proceedings challenging the fact or duration of prison confinement, and suits for injunctive relief to avoid imminent danger of serious physical harm. Clearly, the automatic stay is not a total barrier to the filing of actions as was the court-imposed stay in Rochon. We do not find an unconstitutional denial of access to courts as in Rochon.
The automatic stay provision imposes a limited restriction on access to the courts pending payment of court costs and clerk's fees associated with litigation. A rational basis supports this restriction. As explained, the automatic stay discourages the filing of a multitude of baseless and nuisance suits by prisoners by requiring indigent prisoner litigants to weigh the costs and time of litigation against the merits of their claims. The automatic stay has limited application as it does not stay all suits by a prisoner and does not apply to specific suits designated in the statute. The automatic stay provision neither prevents an indigent prisoner from seeking redress of grievances in the court system nor bars his access to the courts. Accordingly, we find no merit to the argument that the automatic stay provision is contrary to either La. Const. Art. I, Sections 9 or 22.

Retroactive Application
Rhone argues that the automatic stay should not be applied retroactively to his claim which was asserted prior to the effective date of La. R.S. 15:1186(B)(2). He claims that application of the automatic stay impairs his vested rights to the more liberal treatment he expected prior to enactment of the automatic stay provision. We find no merit in this argument.
In Poullard v. Hanson, supra, this court noted that the changes to the PLRA made by the legislature in Act 89 of 2002 were both curative and procedural and to be applied both retrospectively and prospectively. Procedural laws are those which prescribe a method for enforcing previously existing substantive rights and relate to *1264 the form of the proceeding or the operation of the laws. Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, cert. den., 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). The automatic stay provision is procedural as it prescribes a method for operation of the in forma pauperis proceedings by prisoners under the PLRA.
The order enforcing the automatic stay against Rhone applied only as to those costs incurred by him after April 18, 2002, the effective date of Act 89 of 2002. We find no error in application of the automatic stay of La. R.S. 15:1186(B)(2) to Rhone's tort suit as ordered by the trial court.

CONCLUSION
For the reasons expressed, we affirm the judgment of the trial court declaring that the automatic stay provision of La. R.S. 15:1186(B)(2) does not violate La. Const. Art. I, Sections 3, 9, and 22. Costs of appeal are assessed to appellant.
AFFIRMED.