I «CARTER, C.J.
This matter comes before this court on a writ of certiorari granted to consider whether the automatic stay provision of the Prison Litigation Reform Act (PLRA), LSA-R.S. 15:1186 B(2), violates plaintiffs constitutional rights. For the reasons expressed, we deny the application for supervisory writs.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Ronald Warren, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), filed the instant suit in the Nineteenth Judicial District Court in February 2001, as a petition for judicial review of a proceeding under the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq. Plaintiff alleged medical malpractice on the part of DPSC employees and physicians.
The suit was converted to an ordinary tort proceeding pursuant to Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, which held CARP unconstitutional in regard to prisoner tort suits. In March 2003, the *587 matter was transferred to the Eighteenth Judicial District Court in accordance with the venue provisions of LSA-R.S. 15:1184 F.
After plaintiff made several attempts to move the matter forward, defendants filed a motion to recognize and enforce the automatic stay pursuant to LSA-R.S. 15:1186 B(2). The statute, as amended by 2002 La. Acts 1st Ex.Sess. No. 89, § 2, imposes an automatic stay on prisoner pauper litigation until all costs or fees owed by the prisoner are paid; proceedings are deemed abandoned if costs are not paid within three years from the time when they are incurred. However, the automatic stay does not apply to | ^petitions for judicial review of CARP proceedings, post-conviction relief or habeas proceedings, or proceedings for injunctive relief where the inmate is in imminent danger of serious physical injury. LSA-R.S. 15:1186 B(2)(d).
Plaintiff filed an objection to defendants’ motion to recognize the stay, alleging the automatic stay provision violates his constitutionally protected rights. The district court granted defendants’ motion and signed a judgment on May 15, 2004, ordering the matter stayed until plaintiff paid all court costs accrued after April 18, 2002, the effective date of Act 89.
Plaintiff filed an application for supervisory writs with this court, reiterating his challenge to the constitutionality of the automatic stay provision.[1] Because the district court’s May 2004 judgment did not address the constitutional issues, this Court remanded the case with instructions to treat plaintiffs objection to the motion to enforce the automatic stay as a pleading challenging the constitutionality of LSA-R.S. 15:1186 B(2) and to lift the stay previously imposed for the limited purpose of allowing the parties to litigate, and the court to decide, the constitutional issues raised.
At the conclusion of the November 29, 2004 hearing, the district court ruled that the challenged statute is constitutional and that the stay originally imposed was to remain in effect. Plaintiff then filed the present application for supervisory writs. We granted a writ of certiorari to consider plaintiffs constitutional arguments.

DISCUSSION

In objecting to defendants’ motion to recognize and enforce the automatic stay, plaintiff argues that the PLRA’s automatic stay provision |¿violates his right of access to the courts as guaranteed by LSA-Const. art. I, § 22 and is contrary to the equal protection guaranteed in LSA-Const. art. I, § 3. He further urges that the automatic stay should not be applied retroactively to his suit, which was filed prior to the effective date of Act 89.
We find plaintiffs claims to be without merit. The arguments raised herein were likewise raised by a similarly situated inmate in Rhone v. Ward, 39,701 (La.App. 2 Cir. 5/11/05), 902 So.2d 1258. The court in Rhone observed that the automatic stay provision does not affect any suspect class or involve any fundamental right, and is rationally related to the legitimate state interest of lessening the burdens presented by nuisance prisoner suits. The court thus found that the provision neither violates equal protection guarantees nor unconstitutionally impairs a prisoner’s right of access to the courts.
We agree. We likewise agree with the Rhone court’s conclusion that enforcing the stay as to those costs incurred after the effective date of Act 89 is appropriate and does not, as plaintiff suggests, consti *588 tute an unconstitutional retroactive application of the law.

CONCLUSION

For the reasons expressed, we agree with the district court ruling that the automatic stay provision of LSA-R.S. 15:1186 B(2) does not violate plaintiffs constitutional rights as alleged and that the stay originally imposed should remain in effect. We thus deny plaintiffs application for supervisory review. This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal, Rule 2-16.1.B.
WRIT DENIED.
PETTIGREW, J., dissents with reasons.

. Warren v. Easter, 04-1430 (La.App. 1 Cir. 9/23/05) (not for publication).