917 So.2d 1289 (2005)
Harold VINCENT, Plaintiff-Applicant,
v.
Johnny CREED, et al., Defendants-Respondents.
No. 38,120-CW.
Court of Appeal of Louisiana, Second Circuit.
December 30, 2005.
*1290 Harold Vincent, for In Proper Person.
Hon. Charles C. Foti, Jr., Attorney General, E. David Gilmer, Assistant Attorney Generals, Counsel for: Johnny Creed.
Before BROWN, C.J., WILLIAMS, STEWART, GASKINS, CARAWAY, PEATROSS, DREW, MOORE and LOLLEY, JJ., en banc.
BROWN, C.J.
The Louisiana Supreme Court has ordered this court to consider this writ application in light of Cheron v. LCS Corrections Services, Inc., 04-0703 (La.1/19/05), 891 So.2d 1250. This court ordered this matter to be considered en banc. For the following reasons, we conclude that the supreme court's reasoning in Cheron does not apply to the underlying facts. Instead, a prospective application of the automatic stay provisions enacted by Act 89 of 2002 requires us to affirm the application of the stay by the trial court.

FACTS
Plaintiff, Harold Vincent, was incarcerated at the David Wade Correctional Center in Claiborne Parish on or about May 7, 2001. According to Vincent, at that time Lt. Terry Gildon negligently sprayed another inmate with a chemical substance in the general vicinity of Vincent's cell, allegedly irritating Vincent's heart condition and causing him to suffer severe chest pains.
Vincent was an inmate at the Louisiana State Penitentiary at Angola in October 2001 when he filed his petition for judicial review in the 19th Judicial District Court, Parish of East Baton Rouge. This matter was transferred in December 2002 to the 2d Judicial District Court, Parish of Claiborne, pursuant to an exception of improper venue. Following the transfer, Vincent sought to obtain pauper status in the 2d Judicial District Court on at least three separate occasions. On the first two occasions, *1291 the trial court granted Vincent pauper status, but indicated that Vincent's action was subject to the automatic stay mandated by La. R.S. 15:1186(B)(2)(a) until Vincent paid the accrued costs. Supervisory writ applications sought by Vincent were rejected by this court for failure to comply with the provisions of Rule 4-3 of the Uniform Rules for Louisiana Courts of Appeal. Vincent then filed a third motion for pauper status with the trial court which was denied because pauper status already had been granted by the court's two prior orders issued in March 2003. Vincent again sought supervisory review in this court, alleging equal protection and due process violations. In September 2003 this court denied his writ application on the showing made. In December 2003, Vincent sought a writ of certiorari from the Louisiana Supreme Court which was initially denied on February 18, 2005; however, on rehearing, the supreme court granted the writ and remanded to this court for consideration in light of Cheron.
Vincent now argues that the automatic stay provisions of La. R.S. 15:1186(B)(2)(a) are unconstitutional because they infringe on his fundamental rights to petition the government for a redress of grievances and to access the courts. He makes no mention of Cheron, supra, that concerns questions of retrospective application of procedural laws. We conclude that the automatic stay recognized herein is a prospective rather than a retrospective application of the law to the facts set forth above.

DISCUSSION
In Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, the supreme court held that certain provisions of the Louisiana Corrections Administrative Remedy Procedure (CARP) were unconstitutional for divesting the district courts of original jurisdiction over tort actions filed by inmates against the Department of Public Safety and Corrections and its employees. Under those provisions, the district courts were required to give manifest error deference to the Department's adjudication of its own delictual liability in tort actions. As a result of Pope, the provisions of La. R.S. 15:1171 et seq., were substantially amended by Act 89 of 2002. As part of the new procedure enacted, an offender is required to initiate administrative remedies for delictual actions within 90 days of the date of injury or damage. If initiation is untimely, the delictual claim is considered abandoned. See La. R.S. 15:1172.
Under the facts of Cheron, supra, application of the new procedure would have prevented Cheron from having an available administrative remedy because more than 90 days had elapsed from the date of his injury to the effective date of Act 89. The supreme court concluded that applying the 90-day limit to Cheron would be unconstitutional because procedural laws are not applied retroactively where such an application would operate to disturb vested rights. In light of the holding in Cheron, a question logically arises concerning retroactive application of the automatic stay provisions that also were enacted by Act 89. Those provisions are found in La. R.S. 15:1186(B)(2) and state in pertinent part:
The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.
*1292 Act 89 became effective on April 18, 2002, prior to all three of Vincent's efforts to obtain pauper status from the district court without being subject to the automatic stay. Because a prisoner's financial situation can change over time, the proper time for a court to assess that financial situation for purposes of determining whether or not to grant pauper status is the time at which the request for pauper status is filed. Because the requests for pauper status at issue herein were filed subsequent to the effective date of the automatic stay provisions in Act 89, no retrospective application of those provisions has occurred herein. Therefore, we need not address today the constitutional issues concerning retrospective application of the automatic stay provisions.
Before concluding, we make the following observations. Although the focus of this opinion is the issue of retrospective application addressed in Cheron, supra, this court already has addressed and rejected the constitutional arguments made by Vincent herein in Rhone v. Ward, 39,701 (La.App. 2nd Cir.5/11/05), 902 So.2d 1258. See also Warren v. Easter, XXXX-XXXX (La. App. 1st Cir. 9/23/05), 914 So.2d 586.
Furthermore, the in forma pauperis provisions of our state Prison Litigation Reform Act in La. R.S. 15:1186 and 1187 are largely based on corresponding provisions of the federal Prison Litigation Reform Act in 28 U.S.C. § 1915. In particular, we observe that the "three strikes" provisions of R.S. 15:1187 closely track those of 28 U.S.C. § 1915(g). Essentially, those provisions prevent prisoners from proceeding in forma pauperis when bringing a civil action or appeal if they have had three prior civil actions or appeals dismissed as frivolous, malicious, failing to state a cause of action, or failing to state a claim upon which relief may be granted. On the other hand, the automatic stay provisions in R.S. 15:1186(B)(2) have no corresponding federal provisions. Although the lack of corresponding federal stay provisions means that no federal jurisprudence exists on constitutional issues regarding such stays, federal jurisprudence does exist on similar constitutional issues regarding the "three strikes" provisions of federal law. The "three strikes" provisions, like the stay provisions, prevent a prisoner from going forward with litigation unless and until costs are paid.[1] Accordingly, we observe that cases like Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), have rejected claims similar to those raised herein, including right of access to the courts, due process, and equal protection.

CONCLUSION
For the reasons set forth above, the trial court's orders granting Vincent pauper status, but recognizing the automatic stay, are hereby affirmed.
NOTES
[1] While Louisiana's "three strikes" provisions punish offenders who abuse the legal process, one may question what benefit, other than interruption of prescription, non-abusers enjoy over abusers in light of Louisiana's automatic stay provisions. As a practical matter, neither the abuser, nor the non-abuser, is allowed to go forward with civil litigation until costs are paid in full.