926 So.2d 774 (2006)
Alfonso RHONE, Plaintiff-Appellant
v.
Kelly WARD, Warden, et al, Defendants-Appellees.
No. 39,701-CA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*775 Alfonso Rhone, In Proper Person.
Charles C. Foti, Jr., Attorney General, David G. Sanders, David A. Peterson, Sonia Mallett, Assistant Attorneys General, for Appellees Michael Rhodes, Kelly Ward and Charles C. Foti, Jr.
Before WILLIAMS, STEWART and PEATROSS, JJ.
STEWART, J.
The Louisiana Supreme Court remanded this matter to us for reconsideration in light of Cheron v. LCS Correctional Services, Inc., 04-0703 (La.1/19/05), 891 So.2d 1250. At issue is the application of the automatic stay provision of the Prison Litigation Reform Act ("PLRA") enacted by Act 89 of 2002 to Rhone's civil suit for damages. For the reasons that follow, we find there was no improper retroactive application of the automatic stay and that application of the stay has not divested Rhone of vested rights as in Cheron, supra.

FACTS
In 1998, Alfonso Rhone, an inmate at David Wade Correctional Center, sought review in the 19th Judicial District Court of the denial of his claim for money damages by prison authorities under the Corrections Administrative Remedy Procedure ("CARP"). He claimed he suffered medical problems from exposure to contaminated water. Rhone's motion to proceed in forma pauperis was granted as to the filing fee only in a judgment dated September 8, 1998. After review, Rhone's claim was denied, and he appealed. Citing Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, the First Circuit Court of Appeal reversed and remanded the case for a *776 trial de novo. See Rhone v. Ward, XXXX-XXXX (La.App. 1st Cir.11/9/01), 818 So.2d 26.
On April 18, 2002, Act 89 of the 1st Extraordinary Session of 2002 was enacted into law. Act 89 included an automatic stay on lawsuits by prisoners proceeding as paupers until payment of all court costs. La. R.S. 15:1186(B)(2)(a). After remand, Rhone's suit was transferred to the 2nd Judicial District Court. By judgment dated November 12, 2002, the trial court docketed the matter and granted Rhone pauper status ordering him to pay the initial filing fee plus all costs accruing after filing and ordering prison officials to forward monthly payments from the inmate's account all apparently in accordance with La. R.S. 15:1186. The judgment did not refer to the automatic stay of La. R.S. 15:1186(B)(2)(a). On October 15, 2003, the defendants filed a motion to enforce the automatic stay. Defendants argued that costs incurred by Rhone after the effective date of Act 89 triggered the automatic stay. After a hearing on March 18, 2004, the trial court granted the automatic stay.
Rhone sued to have the automatic stay provision declared unconstitutional. The trial judge denied relief, and we affirmed the trial court's judgment in Rhone v. Ward, 39,701 (La.App.2d Cir.5/11/05), 902 So.2d 1258, wherein we rejected Rhone's claim of unconstitutionality. We also determined that the automatic stay is procedural and rejected Rhone's claim of improper retroactive application. The Louisiana Supreme Court then granted Rhone's application for review and remanded the matter for our consideration of the retroactivity issue in light of Cheron, supra. See Rhone v. Ward, XXXX-XXXX (La.1/13/06), 920 So.2d 217.

DISCUSSION
Our analysis of whether there is an improper retroactive application of the automatic stay in Rhone's suit begins with a review of Cheron, supra. The retroactivity issue in Cheron involved application of procedural changes under Act 89 pertaining to the requirement that an inmate exhaust administrative remedies before filing a tort suit against prison officials. Cheron's claim arose after Pope v. State, supra, declared CARP unconstitutional as applied to tort actions, but prior to the effective date of Act 89. As amended by Act 89, La. R.S. 15:1172 of CARP requires an inmate to initiate administrative remedies for delictual actions within 90 days of the date of injury or damage; failure to do so results in abandonment of the claim and dismissal with prejudice of any subsequent suit asserting such claim. More than 90 days had elapsed from the date of Cheron's injury to the effective date of Act 89. Because CARP had been declared unconstitutional as to tort suits prior to when Cheron's claim arose, the supreme court concluded that there was no administrative remedy available to Cheron at the time he filed suit and that he was not required to use an unconstitutional administrative process. Although Act 89 created an administrative remedy for delictual actions, the remedy could not be applied retroactively to divest Cheron of a vested right. See Cheron, XXXX-XXXX, p. 15 (La.1/19/05), 891 So.2d 1250, 1259-1260. If the administrative remedy of Act 89 had been applied to Cheron, his claim would have been dismissed as more than the 90 day period had elapsed. The supreme court noted that as the legislature had not created a grace period, it would be inappropriate to create one by jurisprudence. Id.
The question before us is whether the reasoning and conclusion of Cheron, supra, are applicable when the automatic stay also enacted by Act 89 is enforced in a tort suit that arose prior to the effective date of *777 the act. The supreme court has previously remanded two other cases for our reconsideration of this issue in light of Cheron, supra. Both avoided directly addressing the effect of retroactive application of the automatic stay.
In Peterson v. Gildon, 40,328 (La.App.2d Cir.12/30/05), 917 So.2d 1284, we recognized that Cheron, supra, raises questions of constitutionality when the automatic stay is applied to a prisoner suit wherein the prisoner had been granted pauper status prior to the effective date of Act 89. However, we found that Peterson had three strikes disqualifying him from being allowed to proceed in his suit as a pauper. Moreover, Peterson had not filed for pauper status in either of his two actions until after the effective date of Act 89. Recognizing that the decision of whether to grant pauper status is based on the prisoner's financial situation at the time the request is filed, we concluded that no retroactive application of the automatic stay had occurred.
In Vincent v. Creed, 38,120 (La.App.2d Cir.12/30/05), 917 So.2d 1289, we also concluded that there was no retroactive application of the automatic stay when the requests for pauper status by the prisoner occurred subsequent to the effective date of the automatic stay provisions. Vincent sought judicial review in the 19th Judicial District Court of the denial of his claim stemming from injuries allegedly incurred from exposure to a chemical substance. The matter was transferred to the 2nd Judicial District Court in December 2002 pursuant to an exception of improper venue. Vincent filed motions seeking pauper status on three occasions. The first two motions were granted subject to the automatic stay of La. R.S. 15:1186(B)(2)(a); the third was denied because pauper status had already been granted. Vincent sought supervisory review alleging equal protection and due process violations. This court denied his writ application on the showing made, but the Louisiana Supreme Court ultimately granted Vincent's writ and remanded to this court for consideration in light of Cheron, supra. On reconsideration, we concluded that no retroactive application of the automatic stay had occurred. The court explained:
Act 89 became effective on April 18, 2002, prior to all three of Vincent's efforts to obtain pauper status from the district court without being subject to the automatic stay. Because a prisoner's financial situation can change over time, the proper time for a court to assess that financial situation for purposes of determining whether or not to grant pauper status is the time at which the request for pauper status is filed. Because the requests for pauper status at issue herein were filed subsequent to the effective date of the automatic stay provisions in Act 89, no retrospective application of those provisions has occurred herein. Therefore, we need not address today the constitutional issues concerning retrospective application of the automatic stay provisions.
Vincent v. Creed, 38,120 at p. 3-4, 917 So.2d at 1292.
The basis of our holding in Vincent v. Creed, supra, was that the prisoner had filed for pauper status subsequent to the effective date of Act 89. Implicit in that holding is the relevant point that pauper status was granted subsequent to the effective date of Act 89. The record now before us shows that Rhone filed a motion for pauper status in the 19th JDC on September 1, 1998, prior to the effective date of Act 89. However, after his case was transferred to the 2nd JDC, the trial judge granted Rhone pauper status in that court by judgment dated November 12, 2002, after the effective date of Act 89. *778 Although La. R.S. 15:1186(B)(2)(a) provides that the order granting a prisoner pauper status "automatically stays all proceedings" until payment of all costs of court or fees, the automatic stay was not enforced until the defendants' request for enforcement was granted on March 18, 2004.
The trial judge of the Second JDC recognized that Rhone had been granted pauper status in the Nineteenth JDC, but concluded that the authority to proceed as a pauper was "subject to the rules of the Second Judicial District Court." Financial situations are subject to change, and while our law provides that a litigant should file for authority to proceed as a pauper in his first pleading, it also provides that such authority may be requested later in an ex parte written motion. La. C.C.P. art. 5183(A)(1). Moreover, district courts have the authority and duty to subject the indigent litigant to constant scrutiny to prevent abuse of the privilege to proceed as a pauper. McCoy v. State, Ex Rel. Jones, 39,323 (La.App.2d Cir.2/17/05), 901 So.2d 1109. Nothing in our law addresses what effect, if any, the determination of pauper status in one judicial district has once the matter is transferred to another district. Not only the district court judge, but also the clerk of a district court, is empowered to grant a litigant's application for pauper status. See La. C.C.P. art. 283(4) and La. C.C.P. art. 5183(B). District courts collect their fees through their clerks of court, and as to their fees, courts are separate entities. Clearly the decision of one district court should not bind another as to the determination of whether to allow a litigant to proceed as a pauper. We find that the Second Judicial District had the authority to review Rhone's application and make its own determination as to whether to grant him the authority to proceed in forma pauperis. Because Rhone was granted pauper status in the Second Judicial District and the automatic stay enforced both subsequent to the effective date of Act 89, we find that there was no retrospective application of the automatic stay.
Even so, we do not find that consideration of the retroactivity issue in light of Cheron, supra, would lead to the conclusion that application of the automatic stay to Rhone's suit was improper. Applying Act 89 in Cheron's case would have divested him of vested rights by the dismissal of his suit for having failed to exhaust administrative remedies prior to filing his tort claim. Here, application of the automatic stay does not divest Rhone of vested rights in his suit. His suit has not been dismissed. Rather, it is stayed pending payment of costs of fees which have accrued. In Rhone v. Ward, 39,701 (La.App.2d Cir.5/11/05), 902 So.2d 1258, we rejected the challenges to the constitutionality of the automatic stay provision. In doing so, we reasoned that the automatic stay provision discourages the filing of frivolous suits as well as unnecessary motions or discovery requests that prolong litigation, increase expenses, and strain limited judicial resources. Rhone may proceed with litigation of his claim upon payment of accrued costs and fees. We note that under La. R.S. 15:1186(B)(2)(c), Rhone's suit may be subject to dismissal if costs are not paid within three years from when they are incurred. However, that eventuality is not before us.

CONCLUSION
For the reasons stated, we find there was no improper retroactive application of the automatic stay provision in the instant matter and that application of the stay has not disturbed Rhone's vested rights as in Cheron, supra. We hereby affirm the judgment of the trial court finding no constitutional *779 violation by application of the automatic stay in this matter.
AFFIRMED.