WILLIAMS, J.
 

 | ¶ At issue in this appeal is the constitutionality of LSA-R.S. 15:118G(B)(2)(c), a provision of the Prison Litigation Reform Act (“PLRA”), which allows the dismissal of a civil action filed by a prisoner if the prisoner fails to pay the court costs or fees
 
 *593
 
 within three years from the date the costs or fees were incurred. Finding no constitutional violation, we affirm the dismissal of the civil action fried by appellant, Alfonso Rhone.
 

 FACTS
 

 On July 28, 1998, Alfonso Rhone, a prisoner at David Wade Correctional Center, filed a complaint with the Department of Corrections Administrative Remedy Procedure (“CARP”), alleging that he suffered medical problems caused by drinking contaminated water at the facility while he was incarcerated. He later filed a civil action in district court based on his complaint, and was allowed to proceed
 
 in for-ma pauperis,
 
 pursuant to LSA-R.S. 15:1186(B)(2). Although Rhone was granted permission to proceed
 
 informa pauper-is,
 
 in accordance with Section 15:1186(A)(2), he was required to pay the initial filing fee, in addition to all costs that accrue thereafter.
 
 [1]
 
 Rhone failed to pay the filing fee or any other costs associated with this matter.
 

 On October 15, 2003, the defendants filed a motion to enforce the automatic stay provision of the statute, requesting that the proceedings be stayed until all court costs were paid. The trial court granted the stay and Rhone fried a lawsuit seeking to have the automatic stay provision of the |2statute declared unconstitutional. The trial court denied relief. This court affirmed, rejecting Rhone’s claim that the statute was unconstitutional. This court also rejected Rhone’s argument that the statute could not be retroactively applied.
 
 Rhone v. Ward,
 
 39,701 (La.App.2d Cir.5/11/05), 902 So.2d 1258
 
 (“Rhone I”).
 

 Subsequently, the Supreme Court granted Rhone’s writ application and remanded the matter to this court “to reconsider the retroactivity issue in light of
 
 Cheron v. LCS Corrections Services, Inc.,
 
 2004-0703 (La.1/19/05), 891 So.2d 1250.” On remand, this court rejected Rhone’s argument that the application of the statute to his lawsuit was improper.
 
 Rhone v. Ward,
 
 39,701 (La.App.2d Cir.4/12/06), 926 So.2d 774,
 
 writ denied,
 
 2006-1227 (La.9/29/06), 937 So.2d 861
 
 (“Rhone II
 
 ”). We concluded as follows:
 

 [W]e do not find that consideration of the retroactivity issue in light of
 
 Cheron, supra,
 
 would lead to the conclusion that application of the automatic stay to Rhone’s suit was improper. Applying Act 89 in Cheron’s case would have divested him of vested rights by the dismissal of his suit for having failed to exhaust administrative remedies prior to filing his tort claim. Here, application of the automatic stay does not divest Rhone of vested rights in his suit. His suit has not been dismissed. Rather, it is stayed pending payment of costs of fees which have accrued. In
 
 Rhone v. Ward,
 
 39,701 (La.App.2d Cir.5/11/05), 902 So.2d 1258, we rejected the challenges to the constitutionality of the automatic stay provision. In doing so, we reasoned that the automatic stay provision discourages the filing of frivolous suits as well as unnecessary motions or discovery requests that prolong litigation, increase expenses, and strain limited judicial resources. Rhone may proceed with litigation of his claim upon payment of accrued costs and fees. We note that under La. R.S. 15:1186(B)(2)(c), Rhone’s suit may be subject to dismissal if costs are not paid
 
 *594
 
 within three years from |swhen they are incurred. However, that eventuality is not before us.
 

 Id.
 
 at 778.
 

 Thereafter, Rhone failed to pay fees and costs for more than three years. On April 29,
 
 2009,
 
 the defendants filed an “Ex-Parte Motion to Dismiss for Abandonment,” pursuant to LSA-R.S. 15:1186(B)(2)(c). The district court granted the motion. Subsequently, the court denied Rhone’s motion to set aside the judgment of dismissal. Rhone appeals.
 

 DISCUSSION
 

 Rhone contends LSA-R.S. 15:1186(B)(2)(c) violates the equal protection clause of the Louisiana Constitution and deprives him of his right to access of the courts, as guaranteed by Article I, § 22 of the Louisiana Constitution. LSA-R.S. 15:1186(B)(2)(c) provides:
 

 If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice. This provision shall be operative without formal order, but, on the court’s own motion or upon ex parte motion of any party, the clerk or other interested person by affidavit which provides that the full court costs and fees have not been paid within three years from when they were incurred, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
 

 Legislation is deemed a solemn expression of legislative will. LSA-C.C. art. 2. Statutes are presumed to be constitutional and their constitutionality will be preserved “when it is reasonable to do so.”
 
 State v. Granger,
 
 2007-2285 (La.5/21/08), 982 So.2d 779, 786, quoting
 
 State v. Fleury,
 
 2001-0871 (La.10/16/01), 799 So.2d 468, 472.
 

 |4Since statutes are presumed to be constitutional, “the party challenging the validity of a statute generally has the burden of proving unconstitutionality.”
 
 State v. Granger, supra,
 
 at 786, quoting
 
 Moore v. RLCC Techs., Inc.,
 
 95-2621 (La.2/28/96), 668 So.2d 1135, 1140. To satisfy this burden, the challenging party must cite the specific constitutional provision that prohibits the legislative action.
 
 State v. Granger, supra; State v. Fleury, supra.
 

 Equal Protection
 

 As noted above, Rhone argues that LSA-R.S. 15:1186(B)(2)(c) violates the equal protection clause of the Louisiana Constitution. La. Const. Art. I, § 3 provides:
 

 No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
 

 The United States Constitution and the Louisiana Constitution require that there exist a rational basis for laws which discriminate between similarly situated groups of persons (who are not members of a “suspect class”). See,
 
 Marshall v. United States,
 
 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974);
 
 State v. Brown,
 
 94-1290 (La.1/17/95), 648 So.2d 872. When legislation classifies individuals on any basis other than those set forth in Art. I, § 3 (race or religious ideas, beliefs, or affiliations, birth, age, sex, culture, physical condition, or political ideas or affiliations), the party | schallenging the constitutionality of the legislation has the burden of showing
 
 *595
 
 that the classification does not suitably further any appropriate state interest.
 
 Sibley v. Board of Sup’vrs of Louisiana State Univ.,
 
 477 So.2d 1094 (La.1985). In
 
 Rhone I, supra,
 
 we stated:
 

 Neither indigents nor prisoners are suspect classes for equal protection purposes. Additionally, an inmate does not have a fundamental right to file a cost-free suit for damages.
 

 Id.,
 
 at 1262 (internal citations omitted).
 

 Thus, LSA-R.S. 15:1186(B)(2)(e) clearly does not affect any fundamental right. Additionally, it is not discriminatory on the basis of any classification set forth in the equal protection clause of the Louisiana Constitution. Therefore, Rhone has the burden of demonstrating that the statutory provision does not further any legitimate state interest.
 

 In
 
 Rhone I, suprra,
 
 with regard to the automatic stay provision of LSA-R.S. 15:1186, we stated:
 

 [T]he purpose of the PLRA is to curtail baseless and nuisance suits by prisoners. Reducing such suits and lessening the burdens such suits place on our court system and judicial resources are legitimate state interests. The automatic stay provision furthers these state interests by requiring indigent prisoners to pay the costs of litigation as they accrue. This discourages prisoners from filing suits that lack merit and that are filed for recreational or harassment purposes. It also discourages the filing of unnecessary motions and discovery requests that prolong litigation, increase the costs for litigants, and strain limited judicial resources. By knowing that their civil suit will be stayed pending payment of costs and fees associated with litigation, prisoners who might otherwise file countless unworthy suits are led to weigh the costs of litigation to determine whether they have a claim worthy of pursuit and | ^expenditure of their limited monetary resources.
 

 Id.,
 
 at 1262.
 

 The same reasoning applies herein. The abandonment provision of the PLRA furthers the legitimate state interest of curtailing meritless civil lawsuits by requiring indigent prisoners to pay the costs of litigation as they accrue. An indigent prisoner — who knows that his or her lawsuit may be deemed abandoned and dismissed for failure to pay costs — may be persuaded to weigh the costs of litigation prior to filing a civil lawsuit. Therefore, we find that the abandonment provision of LSA-R.S. 15:1186(B)(2) is supported by a rational basis reasonably related to a legitimate governmental interest. Accordingly, we conclude that LSA-R.S. 15:1186(B)(2)(c) does not violate the equal protection clause of our state constitution.
 

 Access to the Courts
 

 Rhone also contends LSA-R.S. 15:1186(B)(2)(c) deprives him of his right to access of the courts. La. Const. Art. I, § 22 provides:
 

 All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
 

 It is well settled that prisoners have a constitutional right of access to the courts.
 
 Rochon v. Roemer,
 
 98-2444 (La.1/7/94), 630 So.2d 247,
 
 cert. denied,
 
 512 U.S. 1224, 114 S.Ct. 2716, 129 L.Ed.2d 841 (1994);
 
 Rhone I, supra.
 
 However, a prisoner’s right to sue for civil damages does not |7involve a fundamental constitutional right.
 
 Rhone I, supra; Taylor v. Broom,
 
 526 So.2d 1367 (La.App. 1st Cir.1988); see also,
 
 Carson v. Johnson,
 
 112 F.3d 818, 821-22 (5th Cir.1997) (“Neither prisoners
 
 *596
 
 nor indigents constitute a suspect class”). Thus, when a claimant is asserting a right not subject to a special constitutional protection, access to the courts may be restricted if there is a rational basis for the restriction.
 
 Ortwein v. Schwab,
 
 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973);
 
 Everett v. Goldman,
 
 359 So.2d 1256 (La.1978);
 
 Rhone I, supra.
 

 As noted above, the abandonment provision restricts access to the courts pending payment of filing fees and court costs associated with civil lawsuits filed by prisoners. The statute allows dismissal of such lawsuits, without prejudice, if the prisoner fails to pay the costs or fees within three years from the date they are incurred. As noted above, the abandonment provision discourages the filing of nuisance lawsuits by requiring indigent prisoners to weigh the costs of litigation against the merits of any potential claims. The application of the statutory provision is limited because it does not require the dismissal of all suits filed by prisoners, and thus, does not bar their access to the courts. Accordingly, we find no merit to Rhone’s argument that the abandonment provision is contrary to La. Const. Art. I, § 22.
 

 CONCLUSION
 

 For the reasons set forth herein, we find that LSA-R.S. 15:1186(B)(2)(c) does not violate the constitution, and we affirm the judgment of the district court dismissing Rhone’s lawsuit without prejudice. |sCosts of the appeal are assessed to the appellant, Alfonso Rhone.
 

 AFFIRMED.
 

 [1]
 

 . If a prisoner brings a civil action or files an appeal or writ application
 
 in forma pauperis,
 
 the prisoner shall still be required to pay the full amount of a filing fee. LSA-R.S. 15:1186(A)(2).