DREW, J.
The issue before the court is whether the trial court erred in dismissing as abandoned Harold Joe Black’s petition for damages allegedly sustained while Black was incarcerated at David Wade Correctional Center (“DWCC”). This court affirms the lower court’s decision of abandonment, which dismissed Black’s suit without prejudice.
FACTS
On November 23, 2011, Black, a prisoner at DWCC, filed a petition for damages against the prison officials in which he alleged he developed pancreatic cancer as a result of being exposed to secondhand smoke during incarceration. His petition was accompanied by a request for a writ of mandamus to issue through the court, directing prison officials to release funds from his prison account to pay the clerk of court for the court costs. The trial court took no action on his request that the prison officials be ordered to pay funds to the clerk of court.
The court did issue an order for Black to proceed in forma pauperis as provided by La. R.S. 15:1186(B)(2)(a). Based on this statute, the court ordered a stay of the proceedings until all costs and fees due to the clerk were paid by Black.
In May of 2013, Black was released from prison but did not pay the court costs to lift the automatic stay on the proceedings until January of 2015. The costs were paid in full after the three-year period when the costs were incurred. La. R.S. 15:1186(B)(2)(c) states that “if the prisoner does not pay the full court costs or fees within three years from when they incurred, the suit shall be abandoned and dismissed without prejudice.” As a result, the defendants moved for dismissal for abandonment on April 24, 2015. Following a June 4, 2015, hearing, the trial court found that Black’s suit was governed by the foregoing provision. Thus, Black’s lawsuit was abandoned based upon his failure to pay the court fees within the mandated period of three years when costs incurred.
Black filed a motion for a new trial, which was denied. Black appealed.
DISCUSSION
Black argues:
• La. R.S. 15:1186(B)(1) creates a responsibility for the agency in custody of a prisoner to make payments from the prisoner’s account to the clerk of the court;
• The trial court erred in not issuing his writ of mandamus ordering prison officials to pay the court costs on his behalf; and
• The trial court’s failure to issue the writ of mandamus led to his inability to pay and made payment beyond his control.
The state counters:
• La. R.S. 15:1186 requires the prisoner to pay the full court costs and fees for the proceedings;
• A provision in the statute allows a prisoner to pay in installments; the initial fee must be paid followed by monthly installments until the full fees are paid, but an automatic stay is placed upon proceedings;
• The statute also directs that if a prisoner is unable to pay the full court costs within three years from the time that they incurred, the suit shall be abandoned; and
• The trial court correctly applied La. R.S. 15:1186 and its requirements.
Louisiana’s Prison Litigation Reform Act (“PLRA”), La. R.S. 15:1181 et seq., governs this matter. This statute permits *869 a prisoner to proceed in forma pauperis; however, the prisoner must comply with the provisions.
La. R.S. 15:1186(A)(2) requires the prisoner to pay the full amount of a filing fee. Further, the statute directs that “the order granting a prisoner’s request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid.” La. R.S. 15:1186(B)(2)(a).
In the event that a prisoner does not pay the full court costs at the initial filling, then the prisoner has three years to comply once the fees have been incurred.
La. R.S. 15:1186(B)(2)(c) provides:
If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice. This provision shall be operative without formal order, but, on the court’s own motion or upon ex parte motion of any party, the clerk or other interested person by affidavit which provides that the full court costs and fees have not been paid within three years from when they were incurred, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
The trial court did not err in dismissing the suit due to abandonment under R.S. 15:1186. The record shows that the plaintiff was granted in forma pauperis status the day of filing on November 28, 2011. This action was stayed until all costs and fees due to the court were paid in full; the plaintiff had three years from that point to do so. The clerk of court of Claiborne Parish attested to the fact that the court costs and fees were not paid within the three years.
Black filed suit in 2011 and did not finalize the payment of court costs until January of 2015. Having been released from prison in May of 2013, Black had ample time to pay the court fees. The suit is deemed abandoned and dismissed without prejudice if the fee is not paid within the prescribed time as stated in R.S. 15:1186(B)(2)(a) and (c).
This court discussed the provisions of the PLRA in Rhone v. Ward, 45,008 (La.App.2d Cir.2/3/10), 31 So.3d 591, writ denied, 2010-0474 (La.4/30/10), 34 So.3d 291. The PLRA abandonment provision promotes a legitimate state interest by curtailing meritless civil lawsuits by requiring indigent prisoners to pay the costs of litigation as they accrue. Knowing that his or her lawsuit may be deemed abandoned and dismissed for failure to pay costs, an indigent prisoner may consider the costs of litigation prior to filing a civil lawsuit. Therefore, we find that the abandonment provision of R.S. 15:1186(B)(2) is supported by a rational basis reasonably related to a legitimate governmental interest.
The court also observed that it is well settled that prisoners have a constitutional right of access to the courts. Yet, a prisoner’s right to sue for civil damages is not a fundamental constitutional right. When an incarcerated person asserts a right not subject to a special constitutional protection, access to the courts may be restricted- if there is a rational basis for the restriction. See Rhone v. Ward, supra.
The abandonment provision of the statute restricts access to the courts dependent on the payment of filing fees and court costs being fulfilled by the prisoner. The statute allows dismissal of such lawsuits, without prejudice, in the event that the prisoner fails to pay the costs or fees within three years from the date they are incurred. The abandonment provision dis *870 courages the filing of frivolous lawsuits by requiring all prisoners, impoverished or otherwise, to weigh the costs of litigation against the merits of their potential claims. The application of the statutory provision is also limited because it does not require the dismissal of all suits filed by prisoners, and thus, does not bar their access to the courts and as a result meets a rational basis.
Black also contends he was aggrieved by the failure of the trial court to order prison officials to make payments from his prison account to the clerk of court. Nonetheless, he had alternative courses of action he could have taken. For example, Black could have refíled a mandamus demanding the trial court issue an order requesting the. prison officials to make payments on his behalf or he could have sought supervisory review via a writ application to this, court. Moreover, he was released from prison in May of 2013 and had about year and a half to make the necessary payments himself prior to the expiration of the three-year period.
DECREE
Because Black did not pay the court fees within the three-year period as mandated by La. R.S. 15:1186(B)(2)(c), the trial court did not err in finding that the matter was abandoned and dismissing Black’s action.
The judgment of dismissal for abandonment is affirmed. All costs are to be paid by Black in accordance of La. C.C.P. art. 5188.
AFFIRMED.